(65 App. Div. 358.)

## O'NEILL v. CRANE.

(Supreme Court, Appellate Division, First Department. November 15, 1901.)

1. ATTORNEYS—CONTINGENT FEES—QUANTUM MERUIT.

   Plaintiff, an attorney, was engaged by a firm of lawyers to assist in the trial of a case; but just as it was being brought to trial a compromise was effected, and the firm were paid their fees. *Held*, in an action on a quantum meruit against the firm, that plaintiff was only entitled to recover the reasonable value of his services, which could not be augmented by the fact that the services were to be performed gratuitously in the event that the suit was unsuccessful.

2. SAME—PREJUDICIAL ERROR.

   In an action on a quantum meruit by an attorney against a firm of attorneys who had engaged him to assist in the trial of a case, the court erroneously permitted questions as to the value of plaintiff's services, based on the fact that his compensation was contingent. Witnesses fixed such value at from one-half to two-thirds of the entire fee, one of them stating expressly that he based his answer on the fact that the payment was speculative. *Held*, that the error was prejudicial.

Appeal from trial term, New York county.

Action for attorney's fees by Thomas J. O'Neill against Leroy B. Crane and Royal S. Crane, partners, in which the latter died pending the suit, and it was continued against the former as surviving partner. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, LAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Felix Jellinek, for appellant.
Thomas J. O'Neill, in pro. per.

LAUGHLIN, J. Royal S. Crane was attorney of record for the plaintiff in an action in the supreme court brought to recover damages for seduction under a promise of marriage. The defendant Leroy B. Crane is also an attorney, and was a brother to Royal S. Crane. The plaintiff claims that Leroy B. and Royal S. were partners, and as such equally interested in said action, and that they employed him as counsel to manage, conduct, and try the same. This action was originally brought against them for the services rendered by plaintiff in the seduction action. Royal S. Crane died after the commencement of the action, and by order of the court it was continued against appellant as surviving partner. The trial court construed the complaint, in the light of plaintiff's testimony, as an action on a quantum meruit, and the case was tried and submitted to the jury upon that theory. Just as the action for seduction was being brought to trial it was settled for $15,000, and, pursuant to a contract between the plaintiff therein and her attorney of record by which he was to receive one-half of the recovery or amount paid in settlement, the sum of $7,500 was deducted, and $7,500 paid to the plaintiff therein as her share. The $7,500 so deducted was equally divided between Leroy B. and Royal S. Crane; the former claiming, however, that the amount received by him was to apply on an indebtedness owing his brother. The evidence

offered on behalf of plaintiff tending to show the existence of the partnership between appellant and his brother was sufficient to take the case to the jury upon that issue.

Upon the trial plaintiff gave evidence of the nature and extent of the services rendered by him, tending to show that he was to receive nothing for his services unless the plaintiff was successful in the action. Two attorneys were called as experts for plaintiff on the value of his services, and, in answer to a hypothetical question, gave their opinion as to the fair and reasonable value of the services rendered by him. This hypothetical question, after reciting at length the nature and extent of the services rendered, and the amount received on the settlement of the action, and the amount deducted for the services of the attorney of record, ended with the following clause:

"And, assuming that the compensation of the lawyer so employed was entirely speculative and contingent upon success, what, in your opinion, would be the fair and reasonable value of the services as stated in that hypothetical question?"

When this question was propounded to the first witness, defendant's counsel objected upon the ground, among others, that it recited facts which were not germane to the services upon which the witness was asked to pass, and that it assumed a number of facts not essential to the determination of the value of the services rendered as stated, and thereupon, addressing the court, said, "Your honor has already stated that the question of speculative element is not germane to this question," to which the court replied, "I did not so state, and he has now remedied the vice which I found in the former question, and I will admit this question. It is only a matter of opinion, anyway." Defendant's counsel thereupon excepted, and the witness answered that a charge of 50 per cent. of the amount received by the lawyers who retained the counsel would be a fair and reasonable charge for the services, and added, "I base that, I might say, principally upon the fact that the payment was entirely speculative,—very largely on that fact." When the hypothetical question was propounded to the second witness, defendant's counsel objected upon the same grounds, and upon the further ground "that under the pleadings and the proof the question is solely directed to the reasonable value of the services, or can only be directed to the reasonable value of the services rendered, without an element of speculation in it." This objection was overruled, and defendant's counsel excepted, and the witness answered, "From one-half to two-thirds of the fee received by the attorney."

On the record before us, the question presented for determination was what was the fair and reasonable value of the services actually rendered, in view of the nature and importance of the litigation, the standing of the attorney in his profession "for learning, skill, and proficiency," and of the importance to the client of the result; and such value could not be augmented by the fact that plaintiff's services were to be performed gratuitously in the event that the action was not successful. Randall v. Packard, 142 N. Y. 47, 56, 36 N. E. 823; Harland v. Lilienthal, 53 N. Y. 438; Walbridge v.

Barrett, 118 Mich. 433, 76 N. W. 973; Robbins v. Harvey, 5 Conn.
335; Middleton v. Telegraph Co. (C. C.) 32 Fed. 524. It therefore
follows that the court erred in not excluding from the hypothetical
question the contingent element of the employment, and it is mani-
fest from the nature of the answers given by the witnesses that the
error was prejudicial to the appellant.

The judgment and order appealed from should be reversed, and
a new trial granted, with costs to appellant to abide the event. All
concur.