O'NEILL v. CRANE.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

1. PARTNERSHIP—PLEADING—PROOF—INSTRUCTIONS.
    Where plaintiff pleaded a cause of action against a partnership, and averred the existence of a partnership between defendant and his alleged deceased copartner, and the court submitted to the jury the issue whether the surviving defendant and his brother were copartners when the services sued for were rendered, and whether defendants, as partners, employed plaintiff to perform the services, an instruction that it was not necessary for the plaintiff to prove that there was a general partnership between the defendants was not justified by the case made, and was inconsistent with the charge previously given.

Appeal from trial term, New York county.

Action by Thomas J. O'Neill against Leroy B. Crane as surviving partner of the firm of Leroy B. Crane and Royal S. Crane. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John Davenport, for appellant.
John C. Robinson, for respondent.

HATCH, J. This is an action brought by an attorney to recover on a quantum meruit for professional services claimed to have been rendered by him to a partnership which was claimed to exist between the defendant, Leroy B. Crane, and Royal S. Crane. The latter having died, this action is continued against the defendant, Leroy

B. Crane, as surviving partner.  The case has been before this court upon a former appeal, where the judgment was reversed and a new trial granted for error committed in the reception of evidence. O'Neill v. Crane, 65 App. Div. 358, 72 N. Y. Supp. 812.  The evidence in the present record is in all substantial respects the same as was given on the former trial.  It is not necessary that it be adverted to in detail.  The plaintiff seeks a recovery based upon the existence of a copartnership between Leroy B. Crane and Royal S. Crane at the time when the services for which a recovery is sought were rendered.  That such partnership existed is an express averment of the complaint is reiterated in the bill of particulars and was the theory upon which the trial was had.  Neither the pleadings nor the evidence given in the case support any other theory upon which a recovery can be based.  At the close of the trial the court laid down for the guidance of the jury, and as issues to be determined by them, three propositions:  First, were the surviving defendant and his brother copartners, engaged in the practice of their profession, at the time when the services were rendered?  Second, did these defendants, as partners, employ the plaintiff to do certain legal business?  And third, what it was worth.  These were the questions litigated upon the trial, and there was a sharp conflict in the testimony concerning each one.  The existence of the partnership was proved, if established at all, by purely circumstantial evidence; and while the court, in the opinion delivered upon the former appeal, stated that the evidence upon such subject was sufficient to carry the case to the jury, yet it is evident that the testimony upon which to found a partnership, assuming the correct rule was then stated, is by no means conclusive; but, on the contrary, it is meager and in many respects inconclusive.  Upon this subject, therefore, it became essential that the rights of the defendant should be carefully guarded and protected.  At the request of the plaintiff, the court charged the jury "that it is not necessary for the plaintiff, in order to succeed, to prove that there was a general partnership between the defendants."  To this charge the defendant took an exception.  It is disclosed by the record that, up to the time when this request was made, nothing had occurred which showed or tended to show that any of the parties understood that a recovery could be had, based upon any other theory than the establishment of a general copartnership.  The evidence given by the plaintiff would not support a recovery upon any other theory.  The court itself, in the body of its charge, had laid down the rule that such fact must be established as an essential part of the plaintiff's cause of action.  The charge, therefore, in this particular, was not only inconsistent with the complaint and the bill of particulars and the proof given upon the trial, but it was also inconsistent with the main charge as delivered by the court to the jury. In no view, therefore, can this charge be sustained, as it authorized a recovery based upon no evidence, and inconsistent with every rule, both of law and of evidence, which the parties and the court had regarded as necessary to sustain a recovery prior thereto.  This charge was neither modified nor cured by anything which followed, and the case, therefore, was finally left to the jury to find a verdict

upon a theory which neither the pleadings nor the evidence warranted or supported.

For this error, the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.