(86 App. Div. 300.)

TOWN OF HEMPSTEAD v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. ATTORNEY AND CLIENT—ATTORNEY'S COMPENSATION—SUCCESS OF LITIGATION
—REASONABLE FEES.
    An attorney under employment by a town sued a city to recover, under a statute, damages because of the city having diverted certain waters from a navigable creek, and, pending an appeal from a judgment of the Appellate Division reversing a judgment for plaintiff, negotiations took place between the parties which resulted in legislation permitting the city to relieve itself of responsibility by paying the sum of $10,000 a year for five years, provided the board of estimate should elect so to do, which it did elect to do. Such legislation was in part the result of the actions at law. *Held* that, on substitution of another attorney, an allowance to the attorney of a fee of $2,000 in one action, and $200 in each of the other three actions, was proper.

Appeal from Special Term, Queens County.

Action by the town of Hempstead against the city of New York. Appeals by the plaintiff from orders fixing the compensation of George Wallace, plaintiff's attorney of record in the actions. Modified and affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Fred Ingraham, for appellant.
Thomas Young, for respondent.

WILLARD BARTLETT, J. These are proceedings to fix the compensation to be paid to the plaintiff's attorney upon the entry of an order substituting another attorney in his stead. The respondent, Mr. George Wallace, was employed by the supervisor of the town of Hempstead to take the necessary steps to enforce the provisions of chapter 469, p. 1178, of the Laws of 1898, in behalf of the town, in regard to the deepening of five creeks, namely, Seaford creek, Bellmore creek, Freeport creek, Millburn creek, and East Rockaway creek. Under this employment he instituted the action in reference to Freeport creek, which came before this court in June, 1900. Town of Hempstead v. City of New York, 52 App. Div. 182, 65 N. Y. Supp. 14. The plaintiff recovered a judgment in that action for certain penalties under the statute, but the judgment was reversed by the Appellate Division on the ground that the operation of the statute was prospective only. In our opinion, however, we held that, if the city should in the future decrease the navigability of a tide-water creek by using some

new means for diverting the water therefrom, it would be obliged to restore the conditions of navigability which existed when the statute was passed.   After this decision was rendered, an appeal was taken in behalf of the plaintiff to the Court of Appeals.   Owing to the form of the order of reversal, however, that appeal was not heard.   While it was pending, negotiations took place between the authorities of the town of Hempstead and representatives of the city of New York in regard to an adjustment of the rights of the respective parties under the statute.   The result of these negotiations was the enactment of an amendment to the statute, permitting the city of New York to relieve itself of all further responsibility in performing the work contemplated by the act, by paying to the supervisor of the town of Hempstead the sum of $10,000 a year for five years, provided the board of estimate and apportionment should elect so to do.   The board of estimate and apportionment did so elect, and the first payment of $10,000 was duly made.

The respondent insists that the legislation which resulted in this action of the board of estimate and apportionment was virtually a settlement of these litigations in favor of the town of Hempstead, and that this settlement was brought about by his services in this suit. The referee before whom the testimony in these proceedings was taken declared in his opinion that it was impossible to say whether or not, and how far, the pendency and prosecution of these actions led to the procuring of the additional legislation which I have mentioned, and the settlement of the claims of the town of Hempstead thereunder.   In the opinion of the learned judge who confirmed his report, the amount allowed Mr. Wallace for his services is declared not to be excessive, provided the passage of the amendatory act was the result of the prosecution of the actions.   "I think," he said, "the conclusion of the referee in that respect is justified by the evidence, and that it was proper for him to take the settlement into account in the estimate of the amount which should be allowed."   It would seem that the learned judge was in error in supposing that the referee had held that the legislation was the outcome of these litigations; for, as already pointed out, the referee had expressly avowed his inability to determine that question.   Nevertheless, we are at liberty to look at the evidence and reach our own conclusion on that point.   "The result of a lawyer's services is a very important element in determining their value, and one which should be taken into account in an application to fix his compensation therefor."   Randall v. Packard, 142 N. Y. 47, 36 N. E. 823.   Mr. William J. Carr, who was the assistant corporation counsel in charge of the suits in behalf of the city, was examined as a witness in regard to this very matter.   He had been active as a representative of the city in bringing about the amendment to the statute, and he testifies that, while the settlement of the existing litigations was one of the considerations which influenced him in advocating the enactment of the amendment, he doubted whether or not there was any dominant influence on his mind arising from these four actions.

Considering all the evidence on this subject, I am satisfied that the services of Mr. Wallace in these cases was a factor, but not the sole factor, in bringing about the arrangement whereby the town of Hemp-

stead secured the payment of $10,000 a year for five years for the maintenance of the navigability of these creeks. This claim should be dealt with, therefore, on the assumption that what he did in these actions helped to procure the beneficial legislation, but was not the sole agency in procuring it. Viewed in this light, it seems to me that we ought to reduce the figures of the Special Term to some extent, inasmuch as the award there made was plainly based upon the assumption that the respondent's services were the only inducing cause of the beneficial legislation.

I think, on the whole, that an allowance of $2,000 in action No. 1 (the Freeport creek suit) would be fair and ample compensation. The allowance of $200 in each of the other cases should not be disturbed.

Order in action No. 1 modified so as to reduce the compensation of the respondent from $3,000 to $2,000, and, as thus modified, affirmed, without costs of the appeal to either party. Order in actions Nos. 2, 3, and 4 affirmed, with $10 costs and disbursements. All concur.