JAMES AYRES

*v.*

CHARLES E. SHEPHERD, executor, et al.

[Filed December 4th, 1902.]

Though an executor is made trustee by a provision in the will giving him power to sell and take charge of the real estate, a suit merely to foreclose a mortgage thereon is not within *P. L. of 1898 p. 738 § 65*, providing that to enable executors or administrators to examine into the condition of the estate and ascertain the amount and value thereof, and the debts to be paid therefrom, no action shall be brought against them within six months after granting of probate to an executor, or letters of administration to an administrator.

*Mr. Isaac O. Acton* and *Mr. Jonathan W. Acton,* for the complainant.

*Mr. J. Ogden Burt,* for the defendants.

REED, V. C.

A single question is presented in each of these two cases—a question arising under the provisions of the Orphans Court act. *P. L. of 1898 p. 738 § 65.* This question is whether the suits were prematurely brought.

The owner of the equity of redemption, who is the assignee of the right of the mortgagor, died December 2d, 1901, testate, naming in his will Charles E. Shepherd as his executor. The complainant, who held, by assignment, the two mortgages on different portions of the real estate of the deceased owner of the equity of redemption, filed these bills to foreclose his mortgages on March 21st, 1899, within a period of less than six months from the death of the said owner.

The defending executor has set up the provisions of the act just mentioned, and insists that he was not suable by the complainant for this cause at the time the bill was filed.

This is the language of the statute:

"To enable executors or administrators to examine into the condition of the estate and ascertain the amount and value thereof, and the debts to be paid out of the same, no action, either at law or in equity, except for funeral expenses, shall be brought or maintained against the executors or administrators of the estate of any decedent within six months after probate shall have been granted to such executor or executors in case of a will, or letters of administration shall have been granted to such administrator or administrators in case of intestacy, or with a will annexed, as the case may be, unless by special leave of the court wherein such action is intended to be brought."

Inasmuch as the bills are purely foreclosure bills, seeking no relief against the executor as such, nor an accounting from him, the case of the *United Security Life Insurance and Trust Co.* v. *Vandegrift, 6 Dick. Ch. Rep. 401,* would seem to settle the question mooted. In that case it was held that these statutory provisions do not include a suit for the foreclosure of a mortgage.

But it is insisted that the facts in that case differ from this, in the particular that Mr. Shepherd, by the will of the deceased owner, was invested with certain control over the real estate; while in the decided case the representative was a mere administrator, whose duties were confined to the administration of the personal property of the intestate. Now, it does appear that in the will appointing Mr. Shepherd there are these provisions:

"I order and direct that my real estate shall be sold by my executor, either at public or private sale, as he may deem best, within three years after my decease, but the farm where I now live shall not be sold in less than two years after my decease. Until the said real estate is sold, I direct my executors to take charge of and manage the same in such way as shall seem best for my estate."

It appears that the executor has taken charge of the mortgaged land under the power given him.

It is perceived that the power to sell and to take charge of the real estate until such sale is a trust entirely disconnected from the purely executorial duties of Mr. Shepherd. *Tainter* v. *Clark, 13 Metc. 220.* The respective duties are as distinct as if the power was conferred upon a person other than the executor.

Ayres *v.* Shepherd.

The power of sale and to take charge of the property has nothing to do with the gathering in of the assets of the estate for the purpose of paying the debts of the testator and distributing the residue. The latter duties only belong to Mr. Shepherd, *qua executor.* The duties under the power pertain to him as a pure trustee. Says Mr. Woerner:

"The offices of an executor and of a trustee are distinct and may be vested in different persons; and when they are vested in the same person, the functions of each are nevertheless to be performed by him in the respective capacity; the probate court having jurisdiction over him in the one and not in the other capacity." *Woern. L. Ad.* § *229; Brush* v. *Young, 4 Dutch. 237.*

Now, the *ratio decidendi* in the case of the *United Security Life Insurance and Trust Co.* v. *Vandegrift,* supra, is this, namely: "The plain design of the act is to afford him [the executor or administrator] an opportunity to see whether the estate committed to his administration is sufficient to pay the debts of the intestate [or testate] in full or not, and if it is not, that he may institute such proceedings as shall secure an equal distribution of the estate among his creditors, and prevent one or more of them from acquiring, by suit, a preference over the others. Hence, it seems plain that the suit against the administrator, which is not designed to charge or attack the estate committed to his administration, and in which no judgment can be pronounced or decree made which will attack such estate, is within neither the reason nor the policy of the statute."

Now, as already observed, the power of the executor in this case over the real estate was not given for the purposes of an ordinary administration. The executor has undoubtedly the power to sell the real estate in case of insolvency by force of the statute, just as the administrator had in the case cited. But, as in that case, the existence of this power did not make the exemption applicable, so it does not in this case. The representative was a party in that case, as in this; but as he did not represent any person interested in the real estate in that case, so the executor does not represent any interest, *qua executor,* in this. His interest in the real estate is solely that of a trustee.

Woodbridge *v.* Raritan Traction Co.

So I am of the opinion that the statute is inapplicable to this suit.

This result seems to be in accord with the general rule with respect to statutes limiting the time in which claims must be presented to the executor or administrator. Says Mr. Woerner:

"Mortgages and vendor's liens may generally be foreclosed without having proved the debt in the probate court or making the affidavit of the claimants presenting demands against the administrator, or proceeding within the time required for the presentation of claims against estates of deceased persons." *2 Woern. L. Ad. \*860.*

I think there must be decrees for the complainant for the amount agreed upon in the stipulation.