In the matter of the estate of DERESTUS B. STEELMAN, deceased.

[Submitted December 18th, 1916. Determined January 5th, 1917.]

1. Executors are not entitled to commission for services which could only be performed by them as trustees.

2. Proceeds of sale of land devised to the executors as trustees, and rents derived from the same property after testator's death, are received by the executors in their capacity as trustees.

3. Executors may employ counsel when necessary, but are not entitled to allowance for the services of a proctor in making up their accounts.

4. Objections to allowance of commissions and proctor's fees may be made for the first time in the appellate court.

*87 N. J. Eq.* In re Steelman's Estate.

On appeal from decree of orphans court from allowances made to executors for commissions and proctors' fees.

*Mr. Clarence L. Cole,* for the appellant.

*Mr. Enoch A. Higbee* and *Messrs. Bolte, Sooy & Gill,* for the respondents.

LEAMING, VICE-ORDINARY.

The object of this appeal is to reduce the allowances which have been made by the orphans court of Atlantic county to certain executors for their commissions and for certain services of their proctors.

Testator died November 29th, 1914. His will and codicil were probated December 10th, 1914, and letters testamentary were issued on that day to the two executors named in his will.

The provisions of the will and codicil, so far as material herein, are as follows: After directing the payment of debts and funeral expenses and providing that his widow may occupy a certain property during her lifetime, free from rent and cost of upkeep and municipal charges, testator bequeathed and devised to the two persons whom he appointed executors all his property, real and personal, subject to the charge just named in favor of his widow in trust. The trust, as declared by testator, directs the trustees to manage, sell, invest and reinvest the entire estate, except the property which the widow was allowed to occupy, and to pay the rents, issues and profits thereof to testator's widow and to certain other persons therein specified during their respective lifetimes in equal shares, such payments to begin six months after testator's decease. Detailed provisions are then made for the distribution of the income at the death of the respective beneficiaries and also for a final distribution of the *corpus.*

One year after testator's death final accounts of the executors were filed and noticed for settlement as such on December 29th, 1915. No one appeared to object to the accounts and they were allowed as filed except that the judge of the orphans court

entered in the accounts as allowances $3,000 as commissions for the executors and $150 as an allowance for their proctor.

The specific grounds of appeal as set forth in the petition of appeal are—*first,* that the allowance of $3,000 as commissions to the executors is grossly excessive and should not exceed $1,200; *second,* that no legal services were performed for the executors other than those for which payments had already been made and entered in the accounts as filed as expenditures.

The accounts, as stated and allowed, first charged accountants with the amount of the inventory and appraisement:

$23,684.91

Then charged as the purchase price of real estate
  sold by the executors............................ 87,500.00
Then charged, in detail, as net income from rents.... 3,545.54
Then charged as income from investments.......... 3,712.68

Making a total of assets....................$120,443.13

The allowances embraced all money that had been expended and included $5,220 which had been distributed to the several *cestuis que trust,* pursuant to the trust created by the will, as well as all items of expenditures touching the real estate.

It will be thus observed that the settlement made by the executors included all cash that had been received for the estate from any source, irrespective of whether it could appropriately be said to have come to their hands in their capacity as executors or as trustees, and all expenditures of cash for all purposes, whether such expenditures should have been appropriately made by them as executors or as trustees, and that the commissions which were allowed were approximately two and one-half per cent. on the aggregate amount received for the estate from all sources.

Appellant, accordingly, now objects to the allowance of the accounts in that manner, and urges that the accounts should be restated and be made to exclude all transactions that should have been performed by the accountants in their capacity as trustees.

That objection, however well founded, cannot be now considered, except for the purpose of ascertaining whether the allowances for commissions and proctor fees were erroneous, for the

petition of appeal specifically designates only those two items for purposes of review.   Rule 62 of this court restricts the operation of. the appeal to the items specifically designated in the petition of appeal so far as concerns the allowance or rejection of items of charge and discharge.  ·

But if the orphans court has allowed commissions to the executors, as such, for services which could be only performed by them in their capacity as trustees, and there has thus resulted an excessive allowance, that error should be here corrected.

It has been specifically determined by our court of errors and appeals that where the same person is an executor and a trustee under a will, he cannot, in his administration of. any part of the property committed to him, be said to act in a duplex character; that "each act done must, in contemplation of law, be that of an executor or that of a trustee."   *Pitney* v. *Everson, 42 N. J. Eq. 361.*   As already stated, the accounts which were filed by the executors as such, and allowed by the court, included all transactions of the executors as well as all transactions of the trustees.   The receipts included the proceeds of sale of real estate and rents therefrom.   The will by its terms vested the title to this real estate as well as the title to all personal property in the two accountants as trustees for the purposes of the trust.   That trust title was necessarily subservient to the right of the executors to receive and administer so much of the trust property as should be required to satisfy all legal obligations of the estate; but the personal property left by testator was far in excess of all such needs and the power of sale of the real estate was by the terms of the will given to the trustees and not to the executors. In these circumstances the proceeds of sale of the real estate, as well as its rents accruing after testator's death must, in contemplation of law, be regarded as having been received by the trustees.   Under the provisions of the will the executors could neither sell the real estate nor properly receive the proceeds of sale of the real estate or the rents accruing after testator's decease in the absence of some necessity for that purpose arising from the exigencies of administration.   The testimony which has been taken disclosing the circumstances surrounding the settlement renders it entirely obvious that the allowance of com-

18

missions as made by the orphans court was predicated upon the assumption that the executors, as such, were entitled to compensation for administering the aggregate amount of assets disclosed by their accounts as filed. That was manifest error. The importance of confining the executors' allowance to commissions on the amount that · properly came to their hands as executors will be observed by the circumstance that when commissions are hereafter appropriately sought by the same persons as trustees, it will be impossible to then inquire whether the allowance to the executors may not have been chiefly based upon peculiar or special difficulties attendant upon the administration.

I am also of the opinion that the allowance to the proctor was without authority of law. In *Kingsland* v. *Scudder, 36 N. J. Eq. 284*, it was held that an executor has a right to employ counsel when necessary or proper to protect the estate, or to enable him properly to manage it, and the reasonable charges for such services will be paid out of the estate; but that he will not be allowed for such work, though done by counsel, as he, in contemplation of law, is bound to do himself; and in *Wolfe's Case, 34 N. J. Eq. 223*, it was held that no allowance can be made for compensation of an accountant in making up an account because the administrator's fees must be presumed to cover his trouble and expenditures in making up his account. To the same effect is *In re Ramsey's Estate (New Jersey Prerogative Court), 66 Atl. Rep. 410*. The account, as filed and allowed, contained several allowances for. money paid counsel for legal services. The additional allowance of $150, which is here in question and which was made when the account was before the orphans court for settlement, does not appear to have been for any services of the proctor other than assisting the executors in making up their accounts and advising them touching the manner in which the accounts should be stated and attending at the court settlement at which the accounts were allowed without contest. I am unable to doubt that the proctor performed all the work touching which he has testified; but the authorities appear to cast the burden of such work upon executors.

It is objected in behalf of respondents that appellant cannot maintain this appeal in any event because the objections now

*87 N. J. Eq.*          In re Steelman's Estate.

made were not made before the orphans court. It has been fre-
quently asserted in this court that appellants will be confined on
the hearing of appeals to the objections made before the orphans
court. But that rule cannot be regarded as of universal applica-
tion. When exceptions are filed to accounts, or when proceed-
ings are instituted in the orphans court to open accounts for
fraud or mistake, it is held to be reasonable and fair to limit
the controversy in this court on appeal to the objections specifi-
cally presented in the orphans court. But no exceptions can be
filed in the orphans court to items of the nature of those here in
dispute. An executor cannot pay himself his commissions when
or prior to the time his account is filed. In consequence, his
account must remain open as to commissions until the court de-
termines the amount. *Lathrop* v. *Smalley, 23 N. J. Eq. 192;*
*Wykoff* v. *O'Niel, 72 N. J. Eq. 880.* Nor could exceptions have
been filed to the allowance of the proctors' fees here in question,
for that allowance was made at the court settlement. Nor could
either of these allowances have been appropriately made the basis
of a proceeding to open the accounts for fraud or mistake. I
am, accordingly, unable to adopt the view that appellant cannot
be now heard touching the correctness of these allowances. See
*Anderson* v. *Berry, 15 N. J. Eq. 232; Pomeroy* v. *Mills, 35 N.
J. Eq. 442; S. C. on appeal, 37 N. J. Eq. 578; Kingsland* v.
*Scudder, 36 N. J. Eq. 284.*

The testimony discloses that the duties performed by the
executors have not been attended with special difficulty, trouble,
risk or pains. Two and one-half per cent. on the assets which,
in legal contemplation, came to their hands as executors, will
afford them ample compensation for their actual pains, trouble
and risks. Under the provisions of the will the trust will ob-
viously continue for many years and the trustees must be here-
after paid for their services as trustees. From the total assets,
$120,443.13, disclosed by the accounts, on which amount the
orphans court allowed, approximately, two and one-half per cent.
commissions, there should be deducted $91,042.54 as assets
which the law contemplates as having been in the hands of the
trustees under the will. This leaves, as the basis of commissions

In re Short's Estate.                87 N. J. Eq.

for the executors, as such, $29,397.59.   On that amount two and one-half per cent. should be allowed as commissions.

I will advise a decree to the effect above stated.