The appeal will be dismissed, with costs.

In the matter of the appeal from the first intermediate account of JENNIE R. ADRIAN, WILLIAM H. LEUPP and FRANK ST. JOHN, surviving trustees under the will of William Rowland, deceased.

[Submitted March 6th, 1917. Decided March 20th, 1917.]

1. The tenant for life of a residue is not entitled to the income accruing during the delay allowed for the payment of legacies on that part of the estate used for payment of legacies. Such income falls into the residue as capital.

2. *Corle* v. *Monkhouse, 47 N. J. Eq. 73*, distinguished.

On appeal from the Somerset orphans court.

*Mr. August C. Streitwolf,* for the appellant.

*Mr. Hugh K. Gaston* and *Mr. John R. Hardin,* for the respondents.

BACKES, VICE-ORDINARY.

A brief statement will develop the single question presented for decision. William Rowland, by his will, made numerous pecuniary requests, some outright and others to his executors in

trust for various beneficiaries. The rest, residue and remainder of his estate he gave to the executors, in trust, to pay the income to his widow during her lifetime, and upon her decease to pay the income to his children until a given time, when the principal was to be distributed. Four of the trust legacies, aggregating $395,000, were for the benefit of non-dependents, and, consequently, not payable for a year after the death of the testator. The income of the estate for the year, upon a sum equal to these trust funds, amounted to $16,131.26. This sum the appellant contends should be treated as income of the residue, while, on the other hand, the trustees claim and have charged themselves with it as principal of the residuary estate. From so much of the decree sustaining the trustees in this respect this appeal was taken.

Doubtless, this precise question has been often before our courts, but it seems that the decision is not recorded in any of our reported cases. Elsewhere may be found an abundance of authorities upholding the course pursued by the court below. *Lew. Trusts* (8th ed.) *301, states the established and guiding rule thus:

"The tenant for life of a residue is not entitled to the income accruing during the delay allowed for the payment of legacies on so much of the testator's property as is subsequently applied in paying them. Executors, as between themselves and the persons interested in the residue, are at liberty to have recourse to any funds they please for payment of debts and legacies, but in adjusting the accounts between the tenant for life and the remainderman, they must be taken to have paid the debts and legacies not out of capital only or out of income only, but with *such portion of the capital, as together with the income of that portion for one year from the testator's death, was sufficient for the purpose.*"

See, also, *Perry Trusts* (6th ed.) § 551.

In *Allhusen v. Whittell, 4 L. R. Eq. Cas. 295,* the testator, Whittell, gave his estate, which was subject to the payment of legacies, to trustees to pay the income to his father for life, with remainder over in four equal parts. Vice-Chancellor Wood, in illustrating the rule, said that supposing a testator has a large sum, say £50,000 or £60,000, in the funds, and has only £10,000 worth of debts, the executors will be justified, as between themselves and the whole body of persons interested in the estate, in

dealing with it as they think best in the administration. But the executors, when they have dealt with the estate, will be taken by the court as having applied in payment of debts such a portion of the fund as, together with the income of that portion for one year, was necessary for the payment of the debts. Until the debts and legacies were paid, there would have been no interest from the death of the testator which could by possibility have come to the tenant for life. What I apprehend to be the true principle is, that, in the bookkeeping which the court enters upon for the purpose of adjusting the rights between the parties, it is necessary to ascertain what part, together with the income of such part for a year, will be wanted for the payment of debts, legacies and other charges during the year; and the proper and necessary fund must be ascertained by including the income for one year which may arise upon the fund which may be so wanted. It is clear that the tenant for life ought not to have the income arising from what is wanted for the payment of debts, because that never becomes residue in any way whatever. In *Holgate* v. *Jennings, 24 Beav. 623; 53 English Reprint 498*, the testator, whose estate consisted of stocks, gave £16,000 in legacies, payable within six months, and the rest and residue in trust to pay the annual proceeds to his wife for life. On a contest between the liferight holder and the remainderman, it was held that dividends accruing within six months after the testator's death on stock equal to the amount of the legacies, formed no part of the income of the residuary estate, but fell into the residue and formed a part of the *corpus*. In *Lambert* v. *Lambert, 16 L. R. Eq. Cas. 320*, Vice-Chancellor Bacon followed the principle enunciated in *Allhusen* v. *Whittell*, as did the court in *In re Whitehead; Peacock* v. *Lucas (1894), 1 Ch. 678*.

In New York we find the same rule adopted. In *Williamson* v. *Williamson, 6 Paige 298*, the testator's will contained pecuniary legacies, and the income on the residuary estate he gave to his wife for life, with the remainder over to his three sons. In determining the right as between the life tenant and the remainderman to the income of the estate for one year on the amount of the legacies, Chancellor Wadsworth said that it was not the intention of the testator to give his wife the interest or income

of his whole personal estate until the debts and legacies should be paid, or for the term of one year, and then the interest upon the residuary estate after that time. But it was his intention to give her the use or income of the same residuary fund, the capital of which was to be distributed to his three sons upon her death or remarriage. He cited the case of *Covenhoven* v. *Shuler*, *2 Paige 132*, and the authorities there referred to, as settling the principle that where there is a general bequest of a residue of the testator's personal estate for life, with a remainder over after the death of the first·taker, the whole residuary fund is to be invested for the benefit of the remainderman; and the tenant for life is only entitled to the interest or income of that fund. And to ascertain the amount of such residuary. fund, so as to apportion the capital and the income properly between the re- mainderman and the tenant for life, the executor, upon settling the estate at the end of the year, must estimate the whole estate at what is then ascertained to have been its cash value, at the testator's death, after paying all debts, legacies and expenses of administration and other proper charges and commissions. But in making such deduction for legacies payable at a future day and which do not draw interest, the whole amount of the lega- cies is not to be deducted, but only such a sum as, if properly invested, would, at the time when the legacies become payable, have produced the requisite sum, exclusive of all expenses and risk of loss. To the same effect is *Matter of Accounting of Ben- son et al., 96 N. Y. 499*.

It is, therefore, quite clear, both upon principle and authority, that the income on the legacies under consideration passed into the residue as principal and not as income thereof.

A clear distinction, however, is drawn between the application of income on a fund applied/to the payment of a vested legacy and accumulations on the principal of an estate from which con- tingent legacies, or those payable at an indeterminate time in the future, may be payable. In the latter instances, the income falls into the residue as income of the residue. The reason for this is the uncertainty as to whether the estate will ever be called upon to pay such legacies, and until it is the whole of the prin- cipal is "residue until wanted," and the income thereof is, of

course, income of residue. See *Sandford* v. *Blake*, *45 N. J. Eq. 247*, where Mr. Justice Depue discussed the principle and cited the English authorities, including *Allhusen* v. *Whittell, supra.*

Counsel for the appellant, upon the argument and in his brief, cited *Corle* v. *Monkhouse, 47 N. J. Eq. 73*, as upholding his contention. That case is authority for one of the exceptions to the general rule that interest on legacies does not begin to run until one year after the death of the testator, viz., where a gift is made of the interest or income, either of the whole of the residue, or a particular part of it, to one person for life, and the principal is given over to others on the death of the life tenant, the life tenant is entitled to interest from the date of the death of the testator. This doctrine has been laid down time and again by our courts, and is not at this day even debatable, but, manifestly, it does not involve the point of law raised on this appeal.

The decree below will be affirmed, with costs.