This suit is brought for a decree for specific performance to compel the defendant to carry out an agreement to convey real estate.
The agreement was made between complainant and Maria Ruman and the latter agreed to convey the premises which she owned and in which she and complainant were living, by a will which she agreed to make, subject only to the life estate of her husband, Peter Ruman.
Maria Ruman died in 1942 and was survived by her husband who died during the pendency of this suit.
Maria Ruman had made a will in 1937 and another one in 1939, in both of which she devised her real estate to complainant upon the death of her husband, but, prior to her death she was preparing to make a third will and gave instructions for its preparation. This will, if executed, would carry out the terms of the alleged agreement. Complainant has accused Peter Ruman of destroying this will, but he denied it and the facts regarding its loss or destruction were not established.
The consideration for the agreement to devise the real estate was testified to by complainant as follows: She and Maria Ruman were both old and infirm as was Peter Ruman and they had been close friends for a great many years.
Complainant lived in the Ruman house for many years before Maria Ruman's death and during all that time performed services in the household and acted as nurse for the ailing couple. She also, over a period of years, had lent her slender earnings to Maria Ruman until the amount aggregated about $1,000. In this situation Maria Ruman agreed that if complainant would continue to care for her and her husband and assist in the household duties, she would leave her their home by her will.
Actually complainant did care for the husband and wife as long as she lived and also cared for the husband for some time after the wife's death. There is no question as to the *Page 169 
close intimate friendship between the two women and of the fact that complainant rendered services for the aged couple.
Numerous witnesses were produced on behalf of the complainant who corroborated her story and testified that Maria Ruman had repeatedly stated in the presence of the witnesses she intended to leave the house to complainant.
The only serious defense to the suit is the contention that the agreement is void because of the statute of frauds. In my opinion, the statute does not apply under the circumstances shown here. In the first place, the agreement was fully and completely carried out and failure of Maria Ruman to perform would have constituted a fraud upon the complainant. In the second place, the two wills, their execution and contents, were definitely proven. Both were executed in accordance with the terms of the agreement and constituted such a memorandum as would satisfy the statute.
In Johnson v. Hubbel, 10 N.J. Eq. 332, it was held where an agreement to make a particular provision in a will can be a valid and binding contract which will be enforced in a suit for specific performance, the court says that:
"There can be no doubt but that a person may make a valid agreement binding himself legally to make a particular disposition of his property by last will and testament. The law permits a man to dispose of his own property at his pleasure, and no good reason can be assigned why he may not make a legal agreement to dispose of his property to a particular individual, or for a particular purpose, as well by will as by a conveyance to be made at some specified future period or upon the happening of some future event. It may be unwise for a man, in this way, to embarrass himself as to the final disposition of his property, but he is the disposer, by law, of his own fortune, and the sole and best judge as to the time and manner of disposing it. A court of equity will decree the specific performance of such an agreement upon the recognized principles by which it is governed in the exercise of this branch of its jurisdiction."
This early case has been followed by numerous others to the same effect. In Cooper v. Colson, 66 N.J. Eq. 328, the court says (at p. 330): *Page 170 
"In every case, in order to take the case out of the statute on the ground of part performance, irrespective of other questions, two things are requisite. The terms of the contract must be established by the proofs to be clear, definite and unequivocal, and the acts relied on as part performance must be exclusively referable to the contract. Wallace v. Brown, 2 Stock. 308;Brown v. Brown, 6 Stew. Eq. 650."
And again (at p. 332):
"It must appear, to constitute ground for a decree for the specific performance of an oral agreement to convey land, founded upon alleged services, that the services were in some respects of an exceptional character and that it is obvious that the parties not only did not intend that they should be measured by ordinary pecuniary standards, but that they were of such peculiar character, that it is impossible to estimate their value by any such standard. 1 Lead. Cas. Eq. 1054, 1055; Rhodes v. Rhodes,3 Sand. (N.Y.) Ch. 279."
Both in the language used in the two wills of Maria Ruman and in statements made to the witnesses it seems clear that the services rendered by complainant were of such a character as they are not to be measured by merely pecuniary standards. Two other elements entered into the picture. Complainant actually was in partial occupation of the premises up to the date of the death of Maria Ruman. Complainant also was the owner of a small strip of land which was used by Maria Ruman as part of her premises.
Under all these circumstances, the provisions of the statute of frauds do not apply. Complainant is entitled to specific performance.
Complainant, in this suit, also asks for a discovery and production of the 1939 will, so that she may probate it. She has not satisfactorily shown that Peter Ruman is responsible for his alleged destruction of this will, but, in view of the fact that specific performance of the agreement sued on will be enforced, the question of probate of the will is immaterial.
A decree will be advised accordingly. *Page 171