**PHAIR et al. v. FEDERAL DEPOSIT INS. CORPORATION.**

Civil No. 1105.

District Court, D. New Jersey.
Oct. 24, 1947.

Collins & Corbin, of Jersey City, N. J., for plaintiffs.

Milton, McNulty & Augelli, of Jersey City, N. J., for defendant.

SMITH, Distict Judge.

This is a civil action under the Banking Act of 1935 as amended, 12 U.S.C.A. § 264. The complaint consists of five counts in each of which the plaintiffs therein named assert a claim for money allegedly due them under the Act on certain insured deposits. The defendant in its answer denies liability, and alleges by way of affirmative defense full payment of the money due.

### Findings of Fact.

I. The decedent, William F. Melosh, died testate on October 18, 1937, survived by his widow Louise W. Melosh and his three children, Rudolph C. Melosh, Margaret M. Rusch, and Elizabeth M. Phair (identified in the will as Elsie M. Phair). The decedent by his last will and testament, admitted to probate on November 1, 1937, appointed the said Louise W. Melosh and Henry J. Melosh executrix and executor of his estate, (hereinafter identified as executors) and trustees of his residuary estate for the uses and purposes therein set forth.

II. The pertinent provisions of the will follow:

"Second: I give, devise and bequeath an equal undivided one fourth part of the remainder of my estate, whether real, personal or mixed, wheresoever situate and of whatsoever the same may consist, unto my wife, Louise W. Melosh, to her, her heirs and assigns forever."

"Third: I give, devise and bequeath all the rest, residue and remainder of my estate, to my executrix, executor and trustees hereinafter named for the uses and purposes hereinafter expressed;

"(a) To divide said estate into three equal parts, one of which they shall hold as trustees for my daughter, Elsie M. Phair: another as trustees for my son, Rudolph C. Melosh, and the other as trustees for my daughter, Margaret W. Rusch. The in-

come arising from each of such trust funds, shall be paid to the cestuique trusts at least semi-annually."

"Until the said legacy has been paid and the trusts created as herein provided, I direct my executor and executrix to pay to my wife, a sum not to exceed one hundred dollars a month, the payment of which shall be charged first against her one-fourth share of the income of my estate, and if that be insufficient to pay the same, then the balance shall be charged as an advance upon her legacy.

"Fourth: I nominate, constitute and appoint my wife, Louise W. Melosh executrix and trustee, and my brother Henry J. Melosh, executor and trustee of this my Will, and I order that they shall make distribution under the First and Second Items of this my Will, and create three separate trust funds as soon as legally possible after my decease."

III. Thereafter, on November 8, 1937, the said executors, since deceased, opened two accounts with the New Jersey Title Guarantee and Trust Company (hereinafter identified as the Bank), a member of the Federal Reserve System and an insured bank within the meaning of the Banking Act of 1935, as amended, 12 U.S.C.A. § 264. At the request of the executors one account was designated "Estate of William F. Melosh—Capital Account" and the other "Estate of William F. Melosh." The signature cards, prepared by a representative of the Bank, were signed by each of the executors as "Executor," and not as "Trustee."

IV. It appears from the evidence that during the period of their administration the executors segregated the funds of the general estate; the funds which they regarded as corpus, as distinguished from income, were deposited in the account designated "Estate of William F. Melosh—Capital Account," and the funds which they regarded as income were deposited in the account designated "Estate of William F. Melosh." This segregation of funds was nothing more than an accounting practice adopted by the executors and did not change the character of the deposits.

V. The Bank was closed by the action of its Board of Directors on February 14, 1939, and the Commissioner of Banking and Insurance, pursuant to the laws of the State of New Jersey, took possession of its property and business and proceeded to liquidate its affairs.

VI. There was then on deposit with the Bank in each of the accounts a sum in excess of $5000: in the account designated "Estate of William F. Melosh—Capital Account" the sum of $7,141.14, and in the account designated "Estate of William F. Melosh" the sum of $7,214.54.

VII. The executors filed with the Bank two separate proofs of claims, one based upon the account designated "Estate of William F. Melosh—Capital Account," and the other based upon the account designated "Estate of William F. Melosh," in each of which they asserted a claim to the full amount on deposit. The executors filed with the Bank two additional proofs of claims based upon the same accounts in each of which they asserted a claim as trustees of the residuary estate to the full amount on deposit in the respective accounts. These claims were rejected.

VIII. There was also filed with the Bank a joint proof of claim in which Louise W. Melosh, a legatee under the will of the decedent, and Rudolph C. Melosh, Margaret M. Rusch and Elizabeth M. Phair, beneficiaries of the trust, asserted a claim to the full amount on deposit in the account designated "Estate of William F. Melosh," as the beneficial owners thereof. This claim was likewise rejected.

IX. Thereafter the Federal Deposit and Insurance Corporation (hereinafter identified as the Corporation) paid to the Estate of William F. Melosh the sum of $5000 in full satisfaction of its maximum liability under the Act, and particularly Section 12B (c) (12) (13) and (l) (1), 12 U.S.C.A. § 264(c) (12) (13) and (l) (1), but without waiving any defenses to a claim for a greater sum. The executors accepted this payment, but without waiving their claim to a greater sum.

X. Prior to February 14, 1939, when the bank closed, all debts of the estate had been paid except the following: income taxes due the State of New York, which were paid on August 27, 1939; inheritance taxes

due the United States of America, which were paid in installments on February 16 and April 3, 1940; the claim of Rudolph M. Melosh in an amount in excess of $27,000, subsequently reduced to judgment and paid on March 23, 1940; and the administration expenses. There were, however, several suits affecting the administration of the general estate; these suits were not terminated until after February 14, 1939.[1]

XI. The general estate still is, and was on February 14, 1939, in the process of administration. The personal estate of the decedent and the exclusive right to possession incident thereto still are, and were on the said date, vested in the executors and their successors for the purposes of administration. The residuary estate, which is still not determined and not distributed, has not passed to the successors of the executors as trustees of the said estate.

XII. The executors, Louise W. Melosh and Henry J. Melosh, died while the present action was pending. Elizabeth M. Phair, administratrix with will annexed, and substituted trustee, was substituted as a party plaintiff upon the death of the former, and Margaret M. Rusch, administratrix with will annexed, and substituted trustee, was substituted as a party plaintiff upon the death of the latter. Margaret M. Rusch as executrix of the last will and testament of Louise W. Melosh, has been substituted as a party plaintiff for her decedent and here prosecutes her decedent's individual claim.

### Discussion.

The pertinent provisions of the Act, 12 U.S.C.A. § 264(c) (13), determinative of the ultimate question here raised, reads as follows: "The term 'insured deposit' means the net amount due to any *deposit or deposits* in an insured bank (* * *) less any part thereof which is in excess of $5,000. Such net amount shall be determined according to such regulations as the board of directors may prescribe, *and in determining the amount due to any depositor there shall be added together all deposits in the bank maintained in the same capacity and the same right for his benefit either in his own name or in the names of others,* except trust funds which shall be insured as provided in paragraph (9) of subsection (h) of this section." (Emphasis by the Court.)

It is the contention of the executors (here their successors) that each of the bank accounts was a separate and distinct "insured deposit" within the meaning of the Act. It is argued in support of this contention that the one account, "Estate of William F. Melosh—Capital Account," was maintained by them in their capacity as executors, and that the other, "Estate of William F. Melosh," was maintained by them in their capacity as trustees of the residuary estate. It is our opinion that the argument is without merit and that the contention cannot be sustained.

■■■ The title to the personal property of the decedent, including the right to collect the income therefrom, vested upon his death in his executors for the purposes of administration and distribution. Hayes v. Hayes, 45 N.J.Eq. 461, 17 A. 634; aff'd Hayes v. Berdan, 47 N.J.Eq. 567, 21 A. 339; Buchanan v. Buchanan, 75 N.J.Eq. 274, 71 A. 745, 22 L.R.A.,N.S., 454, 138 Am.St.Rep. 563, 20 Ann.Cas. 91; Child v. Wherry, 122 N.J.Eq. 61, 192 A. 731; City of Trenton v. Howell, 132 N.J.Eq. 125, 27 A.2d 609. The income was collectible only by the executors, and upon its collection it became a part of the general estate, subject to administration and distribution, as was the corpus. The income remained a part of the general estate until the administration was completed, the residuary estate was determined, and the residuary estate was transferred by the executors to themselves, as trustees, for the purposes of the trusts. Girard Trust Co. v. Mueller, 125 N.J.Eq. 597, 7 A.2d 413. The mere segregation of

---

[1] A suit by Elizabeth M. Phair against the executors to recover money allegedly due her from the estate of Elizabeth Ecklin, of which the decedent had been the executor; a suit by Henry J. Melosh, as executor, against Louise W. Melosh, individually and as executrix, to establish the estate's ownership of certain money claimed by the latter as a gift from the decedent; a suit by the executors (administratrix with will annexed) against Monticello Realty Co., and others, to establish title to certain properties and mortgages.

the funds, the income from corpus, did not change either the character of the funds so segregated or the capacity of the executors. In re Hibbler's Estate, 78 N.J.Eq. 217, 78 A. 188; aff'd 79 N.J.Eq. 230, 81 A. 1133. The executors could not by their own conduct in the administration of the general estate compound the two offices, that of executor and that of trustee. Schenck v. Schenck's Ex'rs, 16 N.J.Eq. 174; Pitney v. Everson, 42 N.J.Eq. 361, 7 A. 860; Ayres v. Shepherd, 64 N.J.Eq. 166, 53 A. 690; In re Steelman's Estate, 87 N.J.Eq. 270, 99 A. 612; Caruso v. Caruso, 103 N.J.Eq. 487, 143 A. 771.

 The contention of the executors seems to assume that all of the income earned during the period of administration was payable to the beneficiaries of the trust. We cannot entirely agree with this assumption. It is our opinion that the only income payable to the beneficiaries was the accrued income on the residuary estate, when determined and upon creation of the trust. Green v. Green, 30 N.J.Eq. 451, affirmed Green v. Blackwell, 32 N.J.Eq. 768; In re Adrian, 87 N.J.Eq. 307, 101 A. 52; Berger v. Burnett, 95 N.J.Eq. 643, 123 A. 879; Gates v. Plainfield Trust Co., 121 N.J.Eq. 460, 191 A. 304, affirmed 122 N.J.Eq. 366, 194 A. 65. The accrued income derived from assets of the estate used by the executors in the payment of debts, administration expenses, and the specific legacy to Louise W. Melosh under the second clause of the will, is clearly not payable to the beneficiaries of the trust but falls into the residuary estate as principal. Ibid; Restatement of the Law, Trusts, 234(g) p. 695. But notwithstanding the right of the beneficiaries of the trust to accrued income on the residuary estate, the general assets of the estate, including income, were held by the executors as such, and not as trustees, until the residuary estate was determined and transferred to them as trustees.

 The individual plaintiffs, to wit, Margaret M. Rusch, executrix under the will of Louise W. Melosh, a legatee under the will of William F. Melosh, Elizabeth M. Phair, Rudolph C. Melosh, and Margaret M. Rusch, legatees under the will of William F. Melosh and beneficiaries of the trust, assert claims in the third, fourth and fifth counts of the complaint to their proportionate shares of the deposits. These claims are clearly without merit and need not be discussed. The title to both deposits was in the executors, as hereinabove stated, and only the executors can maintain an action for their recovery. Buchanan v. Buchanan; Child v. Wherry, both supra. The individual plaintiffs, either as beneficiaries of the trust or legatees under the will, cannot maintain such an action. Ibid.

## Conclusions of Law.

I. The deposits in the respective accounts, the account designated "Estate of William F. Melosh—Capital Account" and the account designated "Estate of William F. Melosh" were maintained by the executors in their capacity as executors and not in their capacity as trustees. These deposits as thus maintained constituted but one "insured deposit" within the meaning of the statute. The Corporation was therefore liable only for the net amount of these deposits, "added together," less the amount thereof in excess of $5000.

II. The title to the deposits in the respective accounts was in the executors, in their capacity as executors, and only they can maintain an action for their recovery. The Corporation was therefore not liable under the Act to the individual plaintiffs, but if at all, only to the executors.

III. A judgment in favor of the defendant and against the plaintiffs on each of the five counts of the complaint will therefore be entered.