EDMUND W. KINGSLAND, executor &c., appellant,

*v.*

JOHN A. SCUDDER et al., respondents.

1. A fiduciary charged with the management of property, whether as executor or otherwise, has a right to employ counsel, when necessary or proper, to protect the estate, or to enable him properly to manage it, and the reasonable charges for such services will be paid out of the estate.

2. For the allowance of such fees out of the funds of an estate, it should appear to the court to be proper in view of the services rendered to the estate, and it is not enough that the executor and the parties interested in the estate consent to and petition the court for it. It should not be allowed unless it appears otherwise to be proper.

On appeal from decree of Hudson orphans court.

*Mr. Jacob Weart,* for appellant, *ex parte.*

THE ORDINARY.

This appeal is brought by the executor of the late Isaac W. Scudder, to review the action of the Hudson orphans court in refusing to allow him a charge of $3,000 for counsel fees in his final account. The charge is as follows:

"Allowance is prayed for a counsel fee to Jacob Weart, who has acted as counsel to the estate in the employment of the accountant, and by the assent of Mary Scudder [one of the residuary legatees], and Isaac N. Arnold, guardian [of the others of those legatees who are infants], who have agreed to the payment of $3,000 as a counsel fee as a just and reasonable compensation for the services rendered, and who have petitioned the court to allow the same."

There appears to have been no proof as to what in particular the services were for which this charge of counsel fee was made, except that certain applications of the executors to the orphans

court for authority to make investments, formed part thereof. Reliance was placed for the support of the charge in question on a petition put in by Mary Scudder, to whom one-third of the residue is given, and Isaac N. Arnold, guardian (appointed in Illinois) of the infant children of William M. Scudder, deceased, to whom the rest of the residue is given, and an affidavit of Mr. Weart. By the former, the petitioners request the court to allow out of the estate a counsel fee of $3,000 to Mr. Weart, who has, they say, acted as counsel to the estate at the solicitation of the executor, and with their assent, and to allow the executor a commission of two per cent. as his compensation for services rendered as executor, they having agreed with Mr. Weart as counsel and Mr. Kingsland as executor, that such allowances (the amounts of which the petitioners consider reasonable) should be made. It appears that shortly after the letters testamentary were issued (in 1881), Mr. Arnold, in the interest of all the residuary legatees, came to New Jersey to examine into the affairs of the estate and direct the management thereof. He had several interviews with the executor, at which Mr. Weart was present. It was agreed that Mr. Arnold should return to Illinois, where the infant residuary legatees lived, and take out letters of guardianship there, and that Mr. Weart should act as counsel to the estate and look after the interest of the residuary legatees, who were all non-residents. Mr. Weart assumed that duty as acting for those legatees, and from that time on so acted, and carried on an extensive correspondence with them, and kept them fully advised as to the progress of the settlement of the estate and everything that pertained to their interest. In May, 1882, Mr. Arnold wrote to him, requesting him to consider himself retained as counsel for the children, and if anything was necessary to be done to secure or protect their interest, to attend to it. Mr. Weart already considered himself so employed, and did all that was required to be done to protect the interest of the residuary legatees. He made seven applications to the orphans court for authority to invest, and drew the petitions and orders thereon

The question of the allowance of counsel fees and commissions was, by consent, argued before the court, before the final account came up for allowance, and after hearing the matter, the court refused to allow the counsel fee, and fixed the commissions at two per cent. Mr. Weart then gave notice that he intended to appeal from the decree, if so made, and then it was proposed by Mr. Arnold to agree upon amounts for counsel fees and commissions which would be satisfactory, and the amount of $3,000 for the former, and the rate of two per cent. for the latter were agreed upon accordingly, and it was agreed that Miss Scudder and Mr. Arnold, as guardian, should petition the court for the allowance thereof.

It does not appear, and it is not material to know, what amount was claimed for counsel fees, or what percentage was claimed on the above-mentioned hearing before the orphans court. The agreement just mentioned seems to have been a compromise, and the claim of $3,000 for counsel fee was inserted in the account in pursuance of it. The court refused to allow the counsel fee, notwithstanding the petition and affidavit. A fiduciary charged with the management of property, whether as executor or otherwise, has a right to employ counsel when necessary or proper to protect the estate, or to enable him properly to manage it, and the reasonable charges for such services will be paid out of the estate. *Wolfe's Case, 7 Stew. Eq. 223.* But he will not be allowed for such work, though done by counsel, as he, in contemplation of law, is bound to do himself. In other words, if he chooses to employ others to do his work he must pay them himself; as in the case cited, where the amount paid by the administrator to an accountant for making up his account was disallowed. An appeal will lie from a decree allowing or denying counsel fees in the account of an executor, administrator, guardian or trustee. *Anderson* v. *Berry, 2 McCart. 232; Pomeroy* v. *Mills, 8 Stew. Eq. 442; Middleton* v. *Middleton, Id. 115.* In the case in hand there is no evidence what services, except the applications for orders for investment, were rendered by Mr. Weart to the executor in the discharge of his duty as such. For whatever services as counsel, rendered by Mr. Weart, were necessary

Kingsland v. Scudder.

to enable the executor to discharge his duty to the estate, there should be an allowance. But not so as to services rendered to the residuary legatees in watching over their interest or otherwise, or for doing work for the estate which the executor himself was bound to do, or which was within his province and for which his commissions are to be his compensation. Such a discrimination in charges for counsel fees was made in *Wolfe's Case.*

The application here appears to have been for the allowance of the $3,000 on the ground (to a great extent, at least) that the residuary legatees regarded the allowance as proper, and had therefore agreed to it. But the fact that the parties had agreed upon the compensation would not of itself justify the court in making the allowance. It ought not to have made it unless it appeared that it was proper; that is, that the services were rendered to the executor, and were necessary for the protection or management of the estate. Some of the residuary legatees, as already stated, are infants. If, for the protection of their interest in the estate, it was necessary to employ counsel to watch over the settlement, their guardian will be allowed, in his account, for his disbursements for such service, but it would not be legitimate to allow them as having been paid by the executor for services rendered to him in the settlement of the estate. The refusal to allow any part of the $3,000 was, however, an error ; for there should at least have been an allowance for the fees for the applications for authority to invest, and it would have been proper for the court to inquire as to the rest of the charge, to ascertain whether it or any part of it ought to be allowed. The decree will be reversed and the record remitted to the court below, with instructions to allow reasonable compensation for so much of the services for which the $3,000 are charged as, on the principles above enunciated, are legitimate charges by the executor, or the allowance may be made here if that course is preferred.