MARTHA WYCKOFF et al.

*v.*

WILLIAM O'NEIL et al.

[Decided June 13th, 1906.]

1. An executor is responsible for the amount of interest and penalties imposed under *Gen. Stat.* § *3340* ¶ *266*, regulating the payment of collateral inheritance tax, resulting from his neglecting to pay such tax within the limit of time required to prevent such additional charges on the state.

2. Evidence examined, and *held* not to justify the allowance for counsel fees claimed by the executor.

3. As an executor is not entitled to commissions until they have been settled and allowed, if he takes them before that time he occupies the position of a borrower of the amount so taken, and is chargeable with interest thereon to the time of his accounting.

4. Evidence examined and *held* insufficient to sustain an allowance for traveling expenses incurred in connection with the business of the estate.

5. An executor should not be charged with interest on moneys in his hands previous to the accounting, where it appears that he received such moneys not in bulk, but in varying sums as from time to time the amounts due on the different securities were paid, and where he settled his account promptly, he being under no obligation to make temporary investments of it.

On appeal from the decree of the orphans court of Warren county.

*Mr. William H. Morrow,* for the appellants.

*Mr. Sylvester C. Smith,* for the respondents.

BERGEN, VICE-ORDINARY.

The respondent as executor of the last will and testament of Mary E. Harris, late of Belvidere, Warren county, filed with the surrogate his final account to be audited and presented to the orphans court for examination and allowance. To this account certain exceptions were filed by the appellants, but only those which I shall state are now here for consideration. One of them disputes the right to a credit for $1,027.75, paid to the state treasurer in satisfaction of the total sum assessed against all the legacies subject to a collateral inheritance tax. The orphans court surcharged the accountant with $152.31, that sum representing the amount of interest and penalties imposed, because he did not pay the taxes within the time necessary to avoid the penalty. The appellants appeal from so much of the decree as allows the accountant credit for the residue of the amount paid, and the respondent appeals from the decree surcharging the $152.31. I am satisfied that the orphans court committed no error in making the accountant responsible for the penalty resulting from his neglect to pay the taxes within the limit required to prevent such additional charges on the estate. He had ample funds of the estate, in bank, subject to his check, and the estate should not suffer because of his negligence. With regard to the exception which questions the allowance of the amount paid for collateral inheritance taxes, exclusive of the penalties imposed, it is manifest that the accountant has not observed the

law which requires him, if the legacy or gift is of money, to "deduct the tax therefrom" (*Rev. Stat. p. 3341 § 268*) and to pay it to the state treasurer, in doing which he is acting practically as the agent of the state, and strictly speaking the proceeding has no place in his final account. It is a matter in which no other legatee has any interest, it concerns only the executor, the legatee and the state.

In this case, if this was the only error, I should be content to let the matter stand as it is, trusting that, as it was claimed on the argument it would, the orphans court would correct the error in its decree of distribution, but as this account will have to be restated for other reasons, and in order to have the account stand as it should, I shall hold that the accountant be charged with the whole amount paid on this account, viz., $1,027.75, instead of $152.31, as decreed by the orphans court. The accountant will not suffer because he can retain from each legatee the true amount of the tax assessed against each legacy, which will not include the $152.31, for which he is personally liable. This method has the advantage of showing the true balance for which the accountant should be charged, and avoid a retrial of the question on the settlement of the decree for distribution.

The next exception relates to a credit in the account of $300 for counsel fees paid Joseph H. Wilson, and in this connection I will also consider a further exception to the allowance of $100, additional counsel fee, to the same counsel on the final accounting. I find it impossible to justify the allowance of the $300, and consider the $100 allowed when the account was passed as ample compensation for any services counsel could have rendered this executor in the discharging of the duties of his office. The inventory shows that this estate was bank stock or mortgages, and all of such a class that they were realized on without suit, and apparently without any special difficulty. Nor does the evidence show any particular services rendered by counsel, or the necessity for them. The business of collecting this estate and reducing it to money was such that any man of ordinary business ability could readily conduct it without the aid of counsel. From the nature of the estate, the business knowledge and judgment of the accountant—he having served two terms as surrogate of

the county of Warren—and supported by the fact that the accountant had, for some years prior to her death, been the adviser and attorney in fact of the testatrix, with full knowledge of all her business affairs, and of the place and character of her investments, it is impossible to find any justification for this allowance. Reasonable counsel fees are never refused when the settlement of the estate requires the aid of counsel, but there must be a necessity and the fee allowed based upon some real and not fancied service, and the power to make an allowance ought never to be so exercised as to make counsel a legatee. The accountant will be surcharged with the $300 allowed by the orphans court as a counsel fee, but will be allowed the $100 awarded by the orphans court on the final accounting.

The next question raised relates to a charge of interest decreed by the orphans court against the accountant on $700, withdrawn by the executor as his commissions. The testatrix died August 17th, 1904, and the executor filed his inventory of the estate December 13th, 1904, but prior to this date, and on November 21st, 1904, he drew from his account, as executor, $700 on account of his commissions, and placed the same to his individual credit in bank. The final account of the executor was filed November 8th, 1905, in which the commissions were fixed at $717.62, so that with the exception of $17.62, this accountant had had in his possession, subject to his own use, his commissions for services nearly a year before they were fully rendered, and for all practical purposes before any of the services for which commissions were allowed, had been performed. As this executor was not entitled to commissions until they had been settled and allowed by the court (*Lathrop* v. *Smalley's Ex'rs, 23 N. J. Eq.* (*8 C. E. Gr.*) *192, 194*), he occupies the position of a borrower of the amount taken, and should be charged with interest as decreed by the orphans court.

Another exception, and one which the orphans court refused to sustain, relates to five items amounting to $25.50. The accountant prays allowance for car fare to Philadelphia and return, and expenses to assign five mortgages—they are set out in the record and need not be recited here—the cost in each case with a single exception was $4.90, the exception being $5.90.

The appellants insist that these charges are not proper, and it is difficult to understand from the evidence why the accountant was required to go to Philadelphia. In one case it appears that the purchaser of the mortgage was a resident of Belvidere, where the accountant lived, and as to every case the accountant testified that he had a business in Philadelphia which required him to go to that city every week during the time he has charged this estate with car fares. This admission of respondent is sufficient to justify a refusal of these charges. The car fares were incurred for his own purposes, and the fair presumption from the nature of the business claimed to have been done for the estate is, that it was not necessary to put the estate to this expense, and if any business for the estate was done in Philadelphia, it was done there for the convenience of the respondent. He had ample opportunity as a witness to explain the matter in detail, but did not, beyond the statement that he went to Philadelphia to assign the mortgages because he had agreed to, but this agreement was carried out because he was going to Philadelphia weekly on his private business, and he would have gone even if the estate had no mortgages on property in that city. These items should not be allowed; they were expenditures made by the respondent in the carrying on of his private affairs and ought not to be cast upon the estate.

The appellants also object to so much of the decree of the orphans court as overrules the exception to the charging part of the account because the accountant is not charged with interest on moneys in his hands previous to the accounting. After a careful consideration of this question, I have come to the conclusion that the decree of the orphans court in this matter is correct, and that the accountant should not be charged with this interest. He did not receive the money in bulk, it was paid to him in varying sums as, from time to time, the amounts due on the different securities were paid. He settled his account quite promptly, and was justified in holding the money to be disbursed as soon as the orphans court had passed upon it, nor did he have in hand any large sum until a few months prior to the date he might expect to be called upon to pay it out. He could not make any permanent investment, and I cannot say that under-

the circumstances he was guilty of any negligence in the management of the fund sufficient to justify the court in charging him with interest on the fund in hand prior to the settlement of his account. Another ground of complaint is that the orphans court allowed counsel fees on the exceptions in that court and charged the estate with the costs of that dispute. In my judgment, the counsel fees of $200 to counsel for the accountant, and of $100 to counsel of the exceptants, was a proper allowance, but that the costs of so much of the proceedings in the orphans court as are chargeable to the trial of the exceptions ought to have been adjudged against the accountant, because it was the errors in his account that provoked the exceptions, the substantial and material part of which have been sustained.

The decree of the orphans court will be reversed, and the account ordered restated in accordance with the views here expressed. The costs of this appeal to be paid by the respondent.