ESSEX COUNTY ORPHANS COURT.

In the matter of the final account of the executor of JAMES E. TURNBULL, deceased.

[Decided March 2d, 1923.]

Attorneys' fees. Practice in Orphans Court on application therefor stated and appropriate method of preparation of supporting affidavit indicated.

*Mr. William H. Parry,* proctor with the Harriman National Bank, executor.

FLANNAGAN, J. The court is unable to reach the conclusion, from the papers submitted, that the payment of $2,000 made to the New York attorneys, as attorney's fees, and set forth in the account, was reasonable and just.

It is the established practice before this court to apply to the court to fix the amount of counsel fees at the time the final account is submitted and before they are paid, and not to pay counsel fees in advance and then submit them for allowance in the form of an expenditure already made. A departure from the established practice, as was done in this case, is not looked upon with favor by the court.

The application to fix counsel fees should be supported by affidavits which should, so far as appropriate and circumstances will permit, show facts from which the court can perceive (1) the amount of the estate and the amount in dispute or in jeopardy, as to which professional services were necessary; (2) the nature and extent of the jeopardy or risk involved or incurred; (3) the work done, indicating the experience and judicial knowledge required, and the skill, diligence, ability and judgment shown; (4) the time occupied by the attorneys; (5) the results accomplished by them, and if the results are not measured in money, their importance to the estate; (6) any special or extraordinary circumstance

which should be brought to the attention, of the court.  *In re Hahn, 84 N. J. Eq. 523, 529; Thornt. Atty. 922, 930; Randall v. Packard, 142 N. Y. 47, 56; O'Neill v. Crane, 72 N. Y. S. 812; 65 App. Div 358; Harland v. Lilienthal, 53 N. Y. 438; Town of Hempstead v. City of New York, 83 N. Y. S. 806; 86 App. Div. 300.*  The standing of the attorney in his profession for integrity, learning, skill and proficiency may be shown (*Randall v. Packard, supra,* at *p. 56*), if unknown to the court.

Where payments for attorneys' fees have already been made only such amounts will be allowed as are established as reasonable compensation.  *Hurlbut v. Hutton, 44 N. J. Eq. 308; Kingsland v. Scudder, 36 N. J. Eq. 287.*  And no allowance will at any time be made for work done which does not require professional skill and which the executor, administrator or trustee might, as laymen, have done themselves.  *Hulbut v. Huton, supra; Wyckoff v. O'Neill, 71 N. J. Eq. 731; 72 N. J. Eq. 882; Kocher N. J. Pro. L. 408.*

If the fiduciary sees fit to employ counsel to do what he himself as a layman is competent to do and what it is his duty to do, such services should be paid for by the fiduciary out of his commissions.

Where there appears, as in the present case, to be a number of separate matters in which professional services were rendered, services should be classified under separate heads.  Divisions which suggest themselves in the instant case are (1) New Jersey inheritance tax; (2) New York transfer tax; (3) federal estate tax; (4) probate proceedings, including proceedings for deposit and release of securities; and designation of clerk of surrogate's court, and so forth; (5) Dr. Whalen's bill; (6) Sterling property sale; (7) ancillary proceedings in New York; (8) title to property Anthony and Garfield streets; (9) grand concourse property; (10) examination of law and legal services and other miscellaneous matters.

Leave is granted to submit affidavits within ten days in accordance with the above, and they will be considered as if originally presented.  Otherwise the matter will then be disposed of on the papers now before the court.