37 N.J. Super. 85 (1955)
117 A.2d 17
IN THE MATTER OF THE ACCOUNT OF VERNA MAE BLOOMER AND FEDERAL TRUST COMPANY, EXECUTORS OF THE ESTATE OF EDGAR NELSON BLOOMER, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued September 7, 1955.
Decided September 20, 1955.
*87 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Sol. D. Kapelsohn argued the cause for appellant, Verna Mae Bloomer, Co-executor, etc. (Messrs. Kapelsohn, Lerner, Leuchter & Reitman, attorneys).
Mr. Harold Fisher argued the cause for respondent (Mr. David M. Satz, attorney, pro se).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Verna M. Bloomer, beneficiary under the will of her late husband, Edgar N. Bloomer, appeals from that part of a judgment entered in the Monmouth *88 County Court, Probate Division, allowing a counsel fee of $18,000 for services rendered by David M. Satz as attorney for the executors of the estate.
Decedent died October 25, 1952; by his will he appointed his wife and Federal Trust Company of Newark, New Jersey, executors and trustees of his estate. They qualified on November 6 following. The executors filed their complaint on first and final accounting on February 26, 1955 demanding judgment allowing the account as stated, and executor's commissions to the Federal Trust Company (the widow waived any allowance) and counsel fees in such sums as the court might determine to be equitable and just. The account covered a two-year period from decedent's death to October 25, 1954. It reflected a corpus of $599,127 (appellant contends this should be only $469,127) and income of $9,820.98.
We have but a single issue before us  the $18,000 counsel fee allowed. No exceptions were taken to the allowance of the account itself, nor is there any contest as to the award of executor's commissions.
The matter came on before the County Court on April 15, 1955 on notice of intention to settle the executors' account. R.R. 5:3-6; R.R. 4:106-1 et seq. The court had before it the complaint, the account itself, and the affidavit of David M. Satz generally outlining his services as attorney, supported by a detailed "time sheet." R.R. 4:107-3. Sol D. Kapelsohn, personal attorney for Mrs. Bloomer, who had also been counsel for various corporations in which the decedent had a substantial interest, served and filed his own affidavit on her behalf just before the commencement of the hearing, opposing the counsel fee in the amount requested. She contended the fee should not exceed $6,000. (It may be observed that the Satz affidavit and time sheet covers almost 32 pages of the printed appendix and the Kapelsohn affidavit 18.) The trial judge indicated that it would be impossible for him to digest the contents of the papers during the hearing, but nevertheless permitted oral argument to proceed. Mr. Kapelsohn summarized some of the highlights of his affidavit. Mr. Satz, in the course of his argument, referred to considerable factual *89 material which either was not contained in his affidavit or amplified the affidavit and its accompanying time sheet. The trust officer of the Federal Trust Company also made a statement, not under oath, which included factual material not before the court in the form of proof and tending to support the reasonableness of the counsel fee requested. At the conclusion of the hearing the court forthwith announced it would allow the fee in the full amount requested, $18,000.
Respondent Satz has included in his appendix considerable correspondence between and among himself, Kapelsohn, Federal Trust Co. and others, all purporting to refute the facts and contentions set out in the Kapelsohn affidavit. None of this correspondence was in evidence at the hearing in the County Court; it is not part of the record below and not properly reproduced in respondent's appendix. On the argument before us it was further revealed that there were many additional letters and records available and necessary to a complete understanding and proper determination of the issue before us. All this serves to show how incomplete was the information provided the County Court when it was asked to pass upon the question of counsel fees.
Upon analysis, four main points emerge from appellant's argument that the counsel fee allowed was excessive:
1. Many of the services allegedly rendered were not legal services but such as it was incumbent upon the executors to perform and for which they would be expected in law to be paid by way of commissions.
2. Some of the alleged legal services were performed without authority or as a volunteer.
3. Other services did not pertain to anything within the area of the executors' responsibility, but rather to that of the surviving officers and attorneys for the corporations in which the decedent held stock. (The bulk of the estate concededly derived from his interests in these corporations.)
4. Such legal services as the attorney did properly perform were of a relatively uncomplicated nature and involved no such degree of responsibility or importance as to warrant a counsel fee award of $18,000.
*90 This appeal does not, of course, challenge the right of an executor to engage counsel as proctor to the estate. The practice is generally advisable and almost always necessary. The testator anticipated this need, for in the ninth paragraph of his will he authorized his executors and trustees
"To employ such attorneys, clerks, agents, accountants and custodians, * * * as my executors or trustees may deem necessary or advisable, and to make such payments and disbursements therefor as they may deem reasonable and proper, except that the Federal Trust Company as trustee hereunder shall not be authorized to make any charge (other than its commissions as fixed by law) for investment or other advice or for the services of its agents or for services usually performed by a corporate trustee in the administration of a trust estate, but may, when necessary employ competent counsel and may charge the reasonable expense thereof to the trust estate."
The tenth paragraph of the will reads:
"It is my will that my executors and trustees consult with my attorneys, the law firm of Coult and Satz, of No. 744 Broad Street, Newark, New Jersey, with respect to the probate of this Will, the administration of my estate and of the trusts herein created."
There remains to be considered, however, the work for which counsel may properly be engaged by an executor as a charge against the estate. Judge Clapp, in his Wills and Administration (6 New Jersey Practice) (1950), § 504, pp. 453-4, states the general principle and indicates the difficult question arising therefrom, as follows:
"A fiduciary will not be entitled to allowances, in additions to commission, for money he has paid others for performing that which constitutes his own work. For this work he is given commissions and if he turns it over to someone else to do, he should pay for it out of these commissions. The difficult question is this: what is the work of a fiduciary for which he is paid commissions? Where he is not a corporate fiduciary or a specialist, he could hardly be under obligation to undertake that which lies beyond the ability reasonably to be expected of an ordinary fiduciary; and where a corporate fiduciary or a specialist has been appointed, he should at any event not be obliged to do that which the testator probably would not have expected of him. * * * The burden of proof is always on the fiduciary to show that such allowance should be made."
*91 In this case, and in accordance with the preferred and general practice, the executor paid no fees to the proctor but required him to make his application directly to the court, thereby avoiding expense to the account and the possibility of a surcharge. That circumstance, however, does not alter the general principle that the counsel fee must be limited to payment for those services which the executor could not, and should not have been expected to, perform. Our courts and the authorities have uniformly held that the proctor cannot be paid from the estate for work or services which did not require professional legal skill or which should or could have been performed by the executor, particularly where the executor is a corporation which holds itself out as particularly skilled and competent in the administration of estates. Clapp, op. cit. (7 New Jersey Practice) (1950), § 966, p. 556; 1 Kocher, New Jersey Probate Law and Practice (1916), p. 408; Wolfe's Case, 34 N.J. Eq. 223, 227 (Prerog. 1881); Kingsland v. Scudder, 36 N.J. Eq. 284, 286 (Prerog. 1882); Hurlbut v. Hutton, 44 N.J. Eq. 302, 308 (Ch. 1888); In re Wiley's Estate, 65 A. 212, 30 N.J.L.J. 118 (Prerog. 1906); Wyckoff v. O'Neil, 71 N.J. Eq. 729, 731-2 (Prerog. 1906), reversed on other grounds 72 N.J. Eq. 880 (E. & A. 1907); In re Steelman's Estate, 87 N.J. Eq. 270, 274 (Prerog. 1917); In re Turnbull's Estate, 1 N.J. Misc. 41, 42 (Orph. Ct. 1923); In re Megargee's Estate, 117 N.J. Eq. 347, 350-351 (Prerog. 1934); cf. In re Stone's Estate, 21 N.J. Super. 117 (Ch. Div. 1952).
The contradictory state of the proofs makes it difficult to determine what legal services were rendered, their extent and scope, and the degree of the appropriateness or necessity of their rendition by Mr. Satz, rather than by the corporate executor and its employees, or by the officers and attorneys of the corporations in which decedent held stock, particularly Teldisco, Inc. The representations made by Mr. Satz and Mr. Kapelsohn with respect to a number of these matters are in sharp conflict. As noted, some of the proofs on which Mr. Satz now relies, set out by way of supplemental appendix, were not before the trial court, and even these would appear *92 to give only part of the true picture of just what services were rendered the estate. This sharp contradiction in the basic facts underlying the counsel fee issue could not have been fairly resolved by the trial judge in the circumstances attending the hearing. He apparently never had an opportunity to read, much less weigh and deliberate upon, the statements contained in the Kapelsohn affidavit. These, if taken at face value, would necessarily reduce in a substantial amount the value of the services for which Mr. Satz could properly claim compensation from the estate. Nor did the trial judge ever have the proofs now presented for the first time in respondent's appendix, and he was certainly unaware of other factual material mentioned in the course of the oral argument before us.
It is clear that appellant did not and could not have an adequate consideration by the trial court of the merits of her objections to the attorney's fee requested. It was impossible for the judge to accord such consideration during the course of a hearing which could not have taken more than half an hour, at which no testimony was offered, and where there was only a partial exposition of the facts. The situation was aggravated by the last-minute handing up of the Kapelsohn affidavit. This not only deprived the court of an opportunity to study the affidavit in a less hurried atmosphere, but confronted Mr. Satz with an extensive array of contentions which he had no opportunity whatsoever to meet except by making such counter-representations as he could, none of them under oath, in the course of his answering argument.
The filing of an answering affidavit on the return day of the notice of settlement of account, as in this case, is not proper. R.R. 4:106-6, which permits the service upon the accountant of exceptions to the account on or before the return day of the notice or order to show cause, obviously has no application. The action here was brought on in summary fashion. In purely summary actions answering affidavits must be served not later than one day before the return day. R.R. 4:85-4. The practical and equitable considerations underlying this requirement are patent.
*93 A fair determination of the issues presented upon this appeal requires that all the proofs be sifted and specific determinations reached upon not only the four main points already listed, but any others raised by the parties in support of or in opposition to the requested counsel fee. Without a determination of these factual issues it is impossible to arrive at any proper conclusion as to the value of the services for which counsel is entitled to be compensated. The proper judicial authority for making such a determination in the first instance is the trial court, particularly where, as here, it is apparent that much of the factual basis in support of respondent's position was not adduced before that tribunal. The County Court should find the facts specially and state separately its conclusions of law thereon, pursuant to R.R. 4:53-1. Such procedure is directed "in every contested action tried upon the facts without a jury." This proceeding is, of course, an "action," and is so designated in R.R. 4:105 and R.R. 4:106. A contested proceeding involving a claim for $18,000 and objections thereto by an interested party to the extent of $12,000 of the amount claimed, is certainly of sufficient importance and significance to the objecting party to call for its determination by the trial court in a manner which assures the giving of full judicial consideration and deliberation to the contentions made. It comes completely within the policy underlying the requirements of R.R. 4:53-1. Without findings of fact and conclusions of law by the trial judge no appellate tribunal can properly perform its review function in a case of this kind. The proceedings must therefore be remanded with the direction that the County Court rehear the application to the end that appropriate findings and an award based thereon be entered.
Something should be said about the criteria for determining the amount of the counsel fee to be awarded after the trial court has resolved the factual questions raised at the rehearing. On this question, see generally Clapp, op. cit. (7 New Jersey Practice), § 962, p. 548; In re Turnbull's Estate, 1 N.J. Misc. 41 (Orph. Ct. 1923); 143 A.L.R. *94 676 et seq.; cf. Canon 12 of the Canons of Professional Ethics; and see Runkle v. Smith, 90 N.J. Eq. 478, 481-2 (Ch. 1919).
Among other factors to be considered in fixing the allowance for legal services rendered the estate are: (1) the amount of the estate and the amount thereof in dispute or jeopardy as to which professional services were made necessary; (2) the nature and extent of the jeopardy or risk involved or incurred; (3) the nature, extent and difficulty of the services rendered; (4) the experience and legal knowledge required, and the skill, diligence, ability and judgment shown; (5) the time necessarily spent by the attorney in the performance of his services; (6) the results obtained; (7) the benefits or advantages resulting to the estate, and their importance; (8) any special circumstances, including the standing of the attorney for integrity and skill; and (9) the overhead expense to which the attorney has been put. In any case, the counsel fee allowed should never exceed reasonable compensation for the services rendered the estate. Although applications for counsel fees in estate matters are often presented on a per diem rate basis, or in terms of a percentage of the amount of the estate, such standards cannot be employed with justice to both sides.
Remanded for a rehearing in accordance with the directions herein set forth.