47 N.J. Super. 42 (1957)
135 A.2d 187
IN THE MATTER OF THE ESTATE OF WILLIAM W. WHARTON, DECEASED.
MARY M. WHARTON MILLER, CO-TRUSTEE OF THE ESTATE OF WILLIAM W. WHARTON, DECEASED, APPELLANT, AND
BEACH HAVEN NATIONAL BANK AND TRUST COMPANY, CO-TRUSTEE OF THE ESTATE OF WILLIAM W. WHARTON, DECEASED, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 7, 1957.
Decided October 11, 1957.
*43 Before Judges GOLDMANN, FREUND and CONFORD.
*44 Mr. Loren C. Lewis argued the cause for appellant (Messrs. Veeder, Veeder & Briggs, attorneys).
Mr. Joseph J. Summerill, III, argued the cause for respondent (Messrs. Berry, Whitson & Berry, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Mary M. Wharton Miller, co-trustee and life beneficiary of a testamentary trust created under the will of William W. Wharton, appeals from that part of a County Court, Probate Division, judgment allowing the trustees' first account which awarded a $5,000 counsel fee to the attorneys for the trustees. She claims the award was excessive.
Testator had appointed the Beach Haven National Bank and Trust Company and Mary M. Wharton (Miller) his executors and trustees. Judgment approving the account of the executors was entered by the predecessor Orphan's Court in June 1941, at which time a $1,000 counsel fee was allowed the same attorneys for services rendered to the executors.
The trust corpus was approximately $59,000 at the commencement of the trust. Its present actual value is represented to be about $100,000; however, the trustees charge themselves in their account with corpus assets of about $70,000 face value. Trust income from 1941 through 1955 totalled approximately $57,000, and almost all of this was paid out to the appellant life beneficiary, and for trustees' commissions and certain minor items.
On May 24, 1956 the trustees presented and filed their first account for the period June 6, 1951 through December 31, 1955. Copies of the complaint, account and notice of settlement of the account were mailed to all parties in interest, the notice reciting that application would be made for corpus commissions and a $5,000 attorneys' fee to be paid out of corpus. The attorneys filed an affidavit of services, pursuant to R.R. 4:107-3. Appellant at once filed exceptions to the account, the eighth and final one stating that the attorneys' affidavit gave no estimate of time spent, *45 results accomplished, the amount of the estate in jeopardy, the nature of the jeopardy, or the risks involved. She contended that the attorneys were not entitled to an allowance for certain services which properly should have been discharged by the fiduciaries, so that there was no basis for a $5,000 fee. The attorneys then filed a supplemental affidavit of services, setting out in 25 numbered paragraphs a brief description of the services claimed to have been rendered and which, in their view, would justify allowance of the fee sought.
A hearing on the exceptions followed at which counsel for the exceptant argued that a counsel fee of $5,000 would be altogether excessive. Analyzing the 25 items of services set out in the supplemental affidavit, he pointed out that Nos. 1, 3 and 4 represented services connected with the closing of the estate and had nothing to do with the trust; No. 2 covered advising the bank of its qualification as trustee; and No. 5 involved advice and research as to the necessity of filing income tax returns for the trust. (These five items date back to 1941 and early 1942.) Items 6 through 13, it was argued, all related to the sale in 1953 of a single property in the trust situated in Pennsylvania and which brought $15,000. No. 14 dealt with the obtaining of short certificates in June 1954 to cover the sale of securities. Items Nos. 15 through 25, it was contended, involved changes in assets, and these duties were properly the concern of the trustees, not requiring special legal services.
The County Court by its judgment disposed of the first six exceptions to the accounting (two were resolved by stipulation, two were withdrawn, another required a simple amendment of the account, and the last was not pressed), allowed the first account subject to these changes, allowed income and corpus commissions, and awarded counsel fees of $5,000 to the attorneys for the trustees-accountants and $1,500 to the attorney for the exceptant, the fees to be paid out of corpus. The court made no findings of fact on the issues raised by appellant which would inform us as to the basis upon which the $5,000 counsel was allowed.
*46 On this appeal counsel for the exceptant makes precisely the same arguments against the allowance as were advanced before the County Court.
We have recently had occasion to consider the work for which a fiduciary may properly engage counsel, whose fee is to be charged against the estate. In re Bloomer's Estate, 37 N.J. Super. 85, 90 et seq. (App. Div. 1955). The services for which compensation is here sought must actually have been rendered to the trust, and may not include those rendered to the estate. The counsel fee must be limited to payment for those legal services which the trustees could not perform and should not have been expected to perform. Counsel cannot be paid from the trust for services which did not require professional legal skill or which should or could have been performed by the trustees, particularly where, as here, one of the trustees is a trust company which holds itself out as particularly skilled and competent in the administration of trusts. Cf. In re Bloomer's Estate, above, 37 N.J. Super. at page 91.
Equitable resolution of the problem which we face on appeal in cases like this requires that we have specific fact determinations on all questions raised with regard to the award of the requested counsel fee. Without such determinations we find it difficult, if not impossible, to arrive at a reasoned conclusion as to the value of the services for which counsel is entitled to be compensated. As we pointed out in Bloomer, the County Court should find the facts specially and state separately its conclusions of law thereon, pursuant to R.R. 4:53-1. An action for a trust accounting and for the allowance of counsel fees comes directly within the rule.
We have examined the affidavits, testimony and argument before the County Court and find that (1) some of the services outlined in the supplemental affidavit of services would appear to have been rendered in connection with the administration of the estate by the executors, and do not deal with the trust; (2) a number of them deal with but a single matter, the sale of the real property asset of the trust, *47 a relatively uncomplicated legal matter; and (3) many of the services relate to exchanges of assets. As to the latter, there would seem to be substantial justification for appellant's contention that these services represent matters which the corporate trustee should have performed and which did not require legal advice, since they involved little more than computation of tax gains resulting from the reorganization of companies whose securities were in the trust corpus. If these exchanges of assets actually required the advice of counsel, the fact still remains that upon the record before us we cannot possibly determine what the reasonable value of the legal services rendered would be. It appears, moreover, that a Philadelphia tax accountant was hired and paid out of the estate for tax service concerning income from securities.
Counsel for the trustees also represent that they assisted in the placing of four mortgages for the trust. There is no specification of what legal work was done in that connection. Furthermore, counsel admitted on oral argument that the trustees had been paid for their services by the mortgagors. Counsel also claim that they were called on for special accounting services. If so, it does not appear how they were more qualified to render them than the trust officer of the bank and his assistants. In any event, accounting services are not legal services.
Legal services rendered in connection with the preparation and filing of the account, answering the exceptions filed by the appellant, and other matters leading to the approval of the account, are unquestionably of the kind for which compensation should be given.
We are, of course, aware of the fact that we may exercise original jurisdiction under R.R. 1:5-4(a), and that it would not only be worthwhile but desirable for us to make findings of fact and adjudicate the merits of the appeal, thereby saving additional costs to the trust. However, we have no satisfactory factual basis to go on; there are too many voids which require further testimony or affidavits. In the Bloomer case the County Court, upon our remand, *48 made specific findings and determined the exact basis for the award of counsel fees. This provided us, upon a second review of the propriety of the award, with a sound basis upon which to decide the case. In re Bloomer's Estate, 43 N.J. Super. 414 (App. Div. 1957).
These proceedings must therefore be remanded, with the direction that the County Court fully rehear the application for counsel fees, to the end that appropriate findings and an award thereon be entered. The criteria for determining the amount of the fee to be allowed after the trial court has resolved the factual questions raised at the hearing are set forth at length in the first Bloomer case, above, 37 N.J. Super. at page 94.