60 N.J. Super. 519 (1960)
159 A.2d 452
ISOBEL FRANZONI, PLAINTIFF-RESPONDENT,
v.
ANDREW E. FRANZONI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 8, 1960.
Decided April 4, 1960.
*520 Before Judges GAULKIN, SULLIVAN and FOLEY.
Mr. George Pellettieri argued the cause for the plaintiff-respondent (Messrs. Pellettieri & Rabstein, attorneys).
*521 Mr. John J. Connell argued the cause for the defendant-appellant.
PER CURIAM.
Plaintiff sued for separate maintenance. Although defendant filed an answer in which he denied the allegations of the complaint, at the trial he did not contest plaintiff's right to separate maintenance, but did dispute the amount to be paid. The trial court adjudged that defendant pay plaintiff $200 per week separate maintenance, and a fee of $1,250 to her counsel. In this appeal defendant challenges these allowances as too high.
At the trial plaintiff, defendant and defendant's accountant testified. Immediately after the conclusion of the testimony a colloquy ensued between court and counsel which occupies six pages of the appendix, at the end of which the judge said:
"* * * I will review the matter further * * * you must realize the difficulty a judge faces in resolving financial issues of this sort. I face it realizing that regardless of what I decide it won't be too well received. I know that I will do the best I can so that justice will be done. * * *"
The next step, apparently, was the entry of the judgment from which this appeal is taken. At no time did the judge "* * * `find the facts specifically and state separately its conclusions of law thereon,' or file an opinion or memorandum * * * in lieu thereof, * * *," as he must do under R.R. 4:53-1 and R.R. 4:93-1. Testut v. Testut, 32 N.J. Super. 95, 100 (App. Div. 1954). Nor does it appear that counsel asked him to do so. R.R. 4:53-2.
In Testut we pointed out how essential it is to a just result that all trial judges  not only matrimonial  obey the rules relating to the stating of their findings of fact and conclusions of law when they try cases without a jury. We said:
"The requirement that the trial judge file findings of fact and conclusions of law is not merely for the convenience of the upper court on appeal. While it does serve that end, it has the far more *522 important purpose of evoking care on his part in ascertaining the facts and the applicable law. United States v. Forness [2 Cir.], supra, 125 F.2d [928], at page 942, where Judge Frank said:
`For, as every judge knows, to set down in precise words the facts as he finds them is the best way to avoid carelessness in the discharge of that duty: Often a strong impression that, on the basis of the evidence, the facts are thus-and-so gives way when it comes to expressing that impression on paper. The trial court is the most important agency of the judicial branch of the government precisely because on it rests the responsibility of ascertaining the facts. When a federal trial judge sits without a jury, that responsibility is his. And it is not a light responsibility since, unless his findings are "clearly erroneous," no upper court may disturb them. To ascertain the facts is not a mechanical act. It is a difficult art, not a science. It involves skill and judgment. As fact-finding is a human undertaking, it can, of course, never be perfect and infallible. For that very reason every effort should be made to render it as adequate as it humanly can be.'"
Although Congleton v. Pura-Tex Stone Corp., 53 N.J. Super. 282, 286-288 (App. Div. 1958), and Folsom v. Magna Manufacturing Co., 14 N.J. Super. 363, 368-369 (App. Div. 1951), were workmen's compensation cases, most of the reasons given there for the necessity of adequate findings apply to all cases tried without a jury.
We have observed, with regret, that R.R. 4:53-1 is very often ignored. We appreciate the fact that the trial judges are very busy, but, as we pointed out in Testut, 32 N.J. Super., at page 100, "R.R. 4:53-1 does not place too heavy a burden upon the trial judge, for he `need only make brief, definite, pertinent findings and conclusions upon the contested matters,' * * *." It does not save time to ignore R.R. 4:53-1, for frequently we must remand for lack of the necessary findings. In addition, we note that some trial judges make a lengthy resume of the evidence, usually oral but sometimes written, giving the name of each witness and his testimony, without resolving the conflicts therein. Such a resume is not a compliance with the rule and is of no use to us, yet it frequently takes the judge longer to prepare and recite it than it would to state his findings of fact upon the essential issues.
*523 In the case at bar, even though the court, when he reserved decision, acknowledged the difficulties "in resolving financial issues of this sort," he did not report to the litigants what he found to be the facts or upon what factors he arrived at the allowance of $200 per week. Cf. Turi v. Turi, 34 N.J. Super. 313 (App. Div. 1955). Consequently, when this appeal was argued before us the parties were obliged to guess at what the trial judge had in mind when he made the allowances.
This is as true of the counsel fee as it is of the separate maintenance. The record is barren of any proof of the services rendered by plaintiff's attorney, except what we might surmise from the pleadings and the hearing above mentioned. With commendable candor plaintiff's attorney concedes that $1,250 is too much for what appears in the record, but, says he, the trial judge knew how much other work he had done in the case. However, what the trial judge knew the record has not divulged to us. Consequently, we are unable to pass upon the propriety of the fee. Cf. In re Bloomer's Estate, 37 N.J. Super. 85, 91 (App. Div. 1955).
For the foregoing reasons the awards are set aside, and the case is remanded to the trial court for compliance with R.R. 4:53-1 and the entry of a new judgment based thereon. As we said in Testut, 32 N.J. Super., at page 101:
"The duty of the judge to find the facts specially and state separately his conclusions of law thereon, or to file an opinion or memorandum stating the facts and the court's opinion on the law, should logically precede the entry of the appropriate judgment. The judgment represents the ultimate discharge of the judicial function and must necessarily reflect the judge's findings and conclusions  the end product of his mental processes. See 53 Am. Jur., Trial, § 1136, p. 792; 64 C.J., Trial, § 1075, p. 1231.
Orderly judicial procedure requires that the judgment come last, and this is so not only for the reasons stated but must follow from a fair reading of our rules of court. * * *"
Cf. Handelman v. Handelman, 17 N.J. 1, 6 (1954).
*524 The trial judge may take further testimony if he deems it desirable; and see R.R. 4:53-2. We elect not to retain the appeal pending compliance with R.R. 4:53-1 for the reasons stated in Testut, at pages 101-102 of 32 N.J. Super. and because, if the defendant is dissatisfied with the new result, a new appendix and new briefs will be required. No costs.