93 N.J. Super. 579 (1967)
226 A.2d 639
IN THE MATTER OF THE ESTATE OF NATHAN SIMON, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1967.
Decided February 6, 1967.
*581 Before Judges SULLIVAN, KOLOVSKY and CARTON.
Mr. Murray A. Laiks argued the cause for appellants (Messrs. Heller & Laiks, attorneys, pro se).
Respondents, Jewish National Fund (Keren Kayemeth L'Israel) and Mr. Arthur J. Sills, Attorney General of New Jersey, filed no brief.
*582 The opinion of the court was delivered by CARTON, J.A.D.
This appeal involves a challenge to the adequacy of an award of counsel fees to the attorneys for an estate on an intermediate accounting.
Nathan Simon died February 12, 1963 leaving an estate valued at about $435,000. After making certain specific bequests, including religious, educational and charitable bequests, he bequeathed the residue to charitable institutions in Israel as might be designated by the executors. Aaron Heller and Nathan R. Simon, nephew of the decedent, were named as executors under the will.
The executors filed their first intermediate account on July 17, 1964, covering the period from the decedent's death to April 30, 1964. The County Court order approving the account awarded the executors $15,000, representing commissions on corpus, and a counsel fee of $25,000 to the attorneys.
On March 22, 1966 the executors, through their attorneys, filed their second intermediate account, covering the period from May 1, 1964 to December 31, 1965. Aaron Heller, one of the executors, is a member of this firm. The attorneys appeal from that portion of the order on the accounting relating to the allowance of counsel fee to them. The court allowed $5,000 of the requested allowance of $25,000 and allowed the executors $5,000 commissions on corpus and $2,230 commissions on income. Appellants charge that the amount allowed for legal services is grossly disproportionate to the value of the services rendered and constitutes an abuse of discretion. They assert that the trial court failed to give proper consideration to the recognized factors applicable to the determination of allowances for legal services in such cases. In support of their application, appellants particularly stressed the value and importance of their services rendered in a federal estate tax deficiency proceeding and their expert skill and special knowledge in such tax matters, which they claim resulted in a saving to the estate of about $85,000, including interest.
*583 In its findings the trial court expressed the opinion that the affidavits covering the services of counsel did not warrant the counsel fee requested; that in the court's opinion the accounting was a simple one, and that, aside from the federal estate tax and the selection of charitable beneficiaries under the terms of the will, the administration of the estate presented no unusual problems.
The court stated that in awarding the fees it considered N.J.S. 3A:10-8. That section provides:
"On the settlement of the account of a fiduciary in the superior or county court, if the fiduciary is a duly licensed attorney of this state and, as such, shall have performed professional services in addition to his fiduciary duties, the court in which he accounts shall, in addition to the commissions provided by this chapter, allow him a just counsel fee. * * *"
The court alluded to the fact that Mr. Heller or his firm would be receiving a total of $30,000 for legal services on the two accountings, as well as an additional sum of $8,615 representing his one-half share of the principal and income commissions allowed to the executors. (The total commissions allowed appear to be $22,230, with Mr. Heller's share $11,115 instead of $8,615.) The court found that some of the services referred to in the affidavits, particularly those relating to the selection of the charitable beneficiaries, were performed by Mr. Heller and his co-executor in their capacity as executors. He said he gave consideration to the factors to be considered in determining the allowance for legal services as set forth in In re Bloomer's Estate, 37 N.J. Super. 85, 94 (App. Div. 1955).
Our review of the record leads us to the conclusion that appellant has not sustained the burden of showing manifest abuse of discretion on the part of the lower court in making the allowance appealed from. See In re Bloomer's Estate, 43 N.J. Super. 414, 419 (App. Div. 1957), certification denied, 23 N.J. 667 (1957).
An examination of the proceedings before the trial court, including the affidavits in support of the application, satisfies *584 us that the legal services required in the administration of the estate were no more burdensome than those ordinarily encompassed in the settlement of any estate of this size. We agree with the trial court's finding that this is a relatively simple and uncomplicated estate. The assets of the decedent, except for one parcel of real estate, consisted solely of mortgages, bank accounts and a small amount of stocks and bonds. The record shows that the attorneys provided the usual supervisory and consultation services ordinarily furnished by an estate attorney in connection with probate proceedings, the preparation and filing of tax returns, and the administration of an estate of comparable size.
In considering whether the trial court failed properly to evaluate the services rendered in the federal tax proceeding, we have examined copies of the federal estate tax return supplied to us by the appellants, as well as the documents relating to the administrative appeal as to the assessment of the federal estate tax.
In the latter proceeding the executors filed a protest against the disallowance of deductions for administration expenses (including travel expenses to Israel of about $3,000 to enable the executors to choose the residuary legatees under the will) and disallowance of an exemption for the charitable bequests designated in the will and those to the institutions chosen by the executors. It does not appear that any formal hearing was conducted by the Internal Revenue Service on this administrative appeal. However, appellants submitted a letter memorandum in support of their contention that the beneficiaries selected were, in fact, charitable institutions and were under existing law entitled to a tax-exempt status. There was also an exchange of correspondence between the Internal Revenue Service and the attorneys, as well as a number of conferences. The favorable outcome of the tax appeal is, of course, a factor to be considered in this application. However, we perceive no basis in the record for the contention that the services required were especially difficult, time-consuming or required unusual skills. These services did require competence *585 and experience in this type of work, but problems of this general nature are not unusual in large estates such as this.
An examination and review of the previous proceeding was entirely proper in considering the application for an additional allowance. The affidavit of services filed in the first intermediate accounting described the amount then applied for as a "preliminary allowance." The affidavit filed in this proceeding likewise referred to the previous account and the allowance made thereon. It may be noted also that both the New Jersey transfer inheritance tax return and the federal estate tax return had been filed prior to the end of the first accounting period.
Moreover, the amount of previous allowances is certainly a material factor in considering the total amount which may be allowable in a particular estate. The estimated fee set forth in the federal estate tax return for all legal services to be rendered was placed at $35,000. To date allowances for counsel fees aggregate $30,000 or slightly less than 7% of the original corpus. Allowances for corpus commissions to date aggregate an additional $20,000, or slightly more than 4 1/2% of the corpus. We are mindful also that this is not a final accounting and that further legal services may be required, and additional counsel fees and commissions will probably be sought on the final accounting.
Further, in our opinion, it was appropriate for the court to take into consideration that one of the attorneys also received an allowance in his capacity as co-executor. N.J.S. 3A:10-8, in authorizing allowances for legal services, implicitly casts upon the court the duty of determining whether such a fiduciary has performed professional services in addition to his fiduciary duties. See Hauser v. Hauser, 92 N.J. Eq. 615 (Prerog. 1921). The trial court found that some of the services performed more properly should have been listed as services rendered in the capacity of executor.
That the legatee designated as the residuary beneficiary by the executors has consented to the allowance requested, *586 and that the Attorney General has not objected, do not control. These are factors to be considered by the court in the exercise of its own discretion as to what was a reasonable allowance.
Each case must be judged by its own over-all circumstances. See In re Bloomer's Estate, 43 N.J. Super., supra, at p. 417. In our opinion, the trial court's exercise of discretion was neither arbitrary nor unreasonable under the circumstances of this case.
Affirmed.