**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2346-19

IN THE MATTER OF THE
ESTATE OF FELIX FORNARO,
Deceased.

_____

Argued October 14, 2021 – Decided November 3, 2021

Before Judges Hoffman, Whipple and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. P-000172-13.

Vincent R. Kramer, Jr. argued the cause for appellant Carmine C. Fornaro (Vincent R. Kramer, Jr., attorney; Vincent R. Kramer, Jr., of counsel and on the briefs; Paul D. Wigg-Maxwell, on the briefs).

Jennifer L. McInerney argued the cause for respondent Linda Fornaro Picone (Torzewski & McInerney, LLC, attorneys; Jennifer L. McInerney, of counsel and on the brief).

Stephen J. Pagano argued the cause for pro se respondents Riker Danzig Scherer Hyland & Perretti, LLP (Stephen J. Pagano, on the brief).

PER CURIAM

This matter arises out of a nearly decade-long dispute between plaintiff Linda Fornaro-Picone (Linda) and her brother, defendant Carmine Fornaro (Carmine), regarding the Last Will and Testament (will) of their father, Felix Fornaro (decedent), who died on December 19, 2012.[1]  Defendant appeals from the January 13, 2020 Law Division order granting counsel fee awards to the law firms of Weiner Lesniak LLP (Weiner) and Riker Danzig Scherer Hyland & Perretti, LLP (Riker), the two firms which successfully defended decedent's estate and Carmine against Linda's will contest, and Torzewski and McInerney, LLC., the firm which represented Linda.  For reasons that follow, we affirm.

I.

This matter comes before us for the second time.  We set forth the procedural history and facts in our prior decision.  In re Estate of Fornaro, No. A-3836-15 (App. Div. May 20, 2019) (slip op. at 1-6).  Therefore, we provide only a summary of the facts and history relevant to the issues raised on this appeal.

On December 16, 2011, decedent executed a will providing for the following disposition of his residuary estate: Carmine would receive eighty

---

[1]  For clarity, and meaning no disrespect, we will refer to the parties by their first names.

A-2346-19

percent, Linda would receive ten percent, and decedent's grandchildren would receive ten percent. The will revoked a 1999 will, in which decedent left Linda the entire estate, and a June 2010 codicil, in which decedent divided his estate equally between Carmine and Linda, while naming them both executors.

Linda filed suit on May 8, 2013. In her four-count complaint, plaintiff alleged that Carmine unduly influenced decedent; in addition, she alleged that decedent lacked testamentary capacity to execute the December 2012 will. Along with seeking to invalidate the will, plaintiff sought to remove defendant as executor and demanded a formal accounting of the estate.

In June 2013, John M. Loalbo, Esq., then a partner at Weiner, filed an answer on behalf of decedent's estate. In September 2014, Mr. Loalbo joined Riker and brought with him the matter involving decedent's estate.

Litigation ensued for a two-and-a-half-year period, ending in an extended bench trial that included four days of testimony. Before trial, the case involved extensive discovery and motion practice, including obtaining and reviewing extensive medical records, along with other voluminous records relating to decedent's business and financial affairs. Both sides retained and presented medical experts.

A-2346-19

In November 2015, the trial court entered an order of judgment finding that decedent "intentionally" executed his will and did so without undue influence. While the court found that suspicious circumstances existed, the court found no confidential relationship between Carmine and decedent. Following the entry of judgment, Linda filed an application seeking an allowance of counsel fees and costs from the estate. In December 2015, Riker also filed an application for counsel fees and costs.

In January 2016, defendant notified Riker that he was not willing to pay counsel fees and costs incurred in the litigation; that same month, Riker sent a letter to defendant advising him that Riker would no longer be representing him.

In March 2016, the trial court granted Linda's fee application in the amount of $439,462.70 but denied her request for costs. The court also granted Riker's fee application, granting a fee allowance in the amount of $519,127.35 and costs in the amount of $22,032.80. In addition, the court awarded Weiner counsel fees in the amount of $148,711 and costs in the amount of $2,330.03.

In May 2016, defendant appealed, challenging the counsel fee awards; plaintiff cross-appealed, challenging the court's denial of her costs, as well as the underlying judgment rejecting her undue influence claim. On May 20, 2019, we affirmed the judgment upholding decedent's will; however, we reversed the

orders awarding counsel fees because the trial court failed to expressly state its findings of fact and conclusions of law, as required by Rule 1:7-4(a), in support of those orders. Fornaro, slip op. at 22. We therefore remanded to the trial court for further fact finding and analysis, in accordance with Rendine v. Pantzer, 141 N.J. 292, 334-35 (1995), In re Bloomer's Estate, 37 N.J. Super. 85 (App. Div. 1955), and the factors set forth in RPC 1.5(a).

In January 2020, on remand, the trial court granted the following counsel fees: $429,662.70 to the attorneys for Linda; $519,127.35 to Riker; and $148,711 to Weiner. The court reviewed the factors set forth in Bloomer, Rendine, and RPC 1.5(a) and determined the fee amounts were reasonable.

On appeal, defendant contends: 1) the trial court failed to set forth adequate factual findings and conclusions of law in support of its counsel fee awards; 2) the trial court erred in awarding counsel fees outside the scope of Rule 4:42-9(a)(3); 3) the trial court failed to justify awarding Linda all of her requested fees in light of her failure to set aside the will; and 4) the award of counsel fees and costs to Riker and Weiner should be reversed and remanded for discovery and a plenary hearing.

A-2346-19

II.

An allowance of counsel fees "is a matter which rests in the sound discretion of the trial court. [We] will not interfere unless the record discloses manifest misuse of the discretion." In re Probate of Alleged Will of Landsman, 319 N.J. Super. 252, 271-72 (App. Div. 1999) (quoting In re Bloomer's Estate, 43 N.J. Super. 414, 416 (App. Div. 1957)); see also In re Estate of Simon, 93 N.J. Super. 579 (App. Div. 1967).

In order to determine the reasonableness of the requested attorneys' fees, a court must look to:

> (1) the amount of the estate and the amount thereof in dispute or jeopardy as to which professional services were made necessary; (2) the nature and extent of the jeopardy or risk involved or incurred; (3) the nature, extent and difficulty of the service rendered; (4) the experience and legal knowledge required and the skill, diligence, ability and judgment shown; (5) the time necessarily spent by the attorney in the performance of his services; (6) the results obtained; (7) the benefits or advantages resulting to the estate, and their importance; (8) any special circumstances including the standing of the attorney for integrity and skill; and (9) the overhead expense to which the attorney has been put. In any case, the counsel fee allowed should never exceed reasonable compensation for the service rendered the estate.
>
> [Bloomer, 37 N.J. Super. at 94.]

In addition, RPC 1.5(a) provides:

6

A lawyer's fees shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

3) the fee customarily charged in the locality for similar legal services;

4) the amount involved and the results obtained;

5) the time limitations imposed by the client or by the circumstances;

6) the nature and length of the professional relationship with the client;

7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

8) whether the fee is fixed or contingent.

Based upon our review of the record, we discern no abuse of discretion in any of the fees or costs awarded by the trial court. The court carefully reconsidered the attorney fee application, applying the nine Bloomer factors and the criteria set forth in RPC 1.5(a). In doing so, the court determined that the

7

counsel fee allowances were reasonable, including both the hourly rate and the number of hours expended.

The trial court considered and analyzed the attorneys' certification of services, looking to the nature, extent, and difficulty of services rendered, along with the results obtained, and found that the counsel fee allowances were justified. By addressing the factors in <u>Bloomer</u> and <u>RPC</u> 1.5(a), the trial court set forth sufficient factual findings and conclusions of law to uphold the counsel fee award. The state required both Riker's and Weiner's legal expertise due to the nature and complexity of the issues raised. Carmine has failed to provide any convincing argument for us to disturb the award made to either firm. Accordingly, we agree that Riker and Weiner are entitled to compensation for the legal services they provided in successfully defending decedent's estate and Carmine in this hard fought will contest.

We also find no abuse of discretion in the award of attorneys' fees to Linda.

<u>Rule</u> 4:42-9(a)(3) provides that in a probate action, "[i]f probate is granted, and it shall appear that the contestant had reasonable cause for contesting the validity of the will or codicil, the court may make an allowance to the proponent and the contestant, to be paid out of the estate." In accordance with this rule, courts may

allow counsel fees to the contestant in a will dispute "'[e]xcept in a weak or meretricious case.'" In re Probate of Will & Codicil of Macool, 416 N.J. Super. 298, 313 (App. Div. 2010) (alteration in original) (quoting In re Reisdorf, 80 N.J. 319, 326 (1979)). Linda's challenge to the December 2011 will was neither weak nor meretricious.

Carmine's contention that Linda lacked reasonable cause for contesting the validity of their father's will clearly lacks merit. In the last year of his life, decedent – then eighty-eight years old –  made a drastic change in his long-standing estate plan to substantially diminish Linda's inheritance. Linda first learned of this change when she received a copy of the probated will. At the time, Linda had good reason to believe that the will was procured by undue influence based on her knowledge of decedent's failing mental and physical health in the last two years of his life. During this time, she observed changes in decedent's mental health, including loss of memory, and learned that decedent had been diagnosed with dementia;[2] in addition, she knew that decedent had been hospitalized numerous times during the last two years of his life.

---

[2] In November 2011, one month before decedent executed the challenged will, a treating physician prescribed an Alzheimer's medication for decedent.

A-2346-19

Moreover, when she filed suit, Linda believed the scrivener of the will was also Carmine's attorney.[3]

Because the record clearly supports the trial court's determination that Linda had reasonable cause to contest the will, we discern no basis to disturb the decision to award counsel fees to Linda, notwithstanding that her challenge to the will proved unsuccessful. While the trial court ultimately found that decedent did not share a confidential relationship with Carmine, it did determine that "suspicious circumstances" surrounded the execution of the will. The court noted the lack of evidence of how decedent arrived at the scrivener's office on the day he signed the challenged will; although decedent was driving at the time, the scrivener's office was a greater distance than decedent normally drove. In addition, telephone record indicated that Carmine placed several telephone calls to the scrivener around the time decedent signed his will.

We decline to address Carmine's final argument, asserting that the award of counsel fees and costs to Riker and Weiner should be reversed and remanded for discovery and a plenary hearing. Carmine never alleged any breach of contract or violation of RPC 1.4 against Riker or Weiner before the trial court. The first time Carmine advanced such theories was on this appeal. "[O]ur

---

[3] At trial, it was established that the scrivener was a friend of Carmine's son.

appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). We discern no basis to consider this argument for the first time on appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2346-19